## L. A. FRANKS, et al., v. CAROLINE CHAPMAN, et al.

SUPREME COURT, AUSTIN TERM, 1883.

*District Court's Jurisdiction—Probate Court's.*—The present constitution, unlike the former, confers no original jurisdiction upon the district courts, even the county courts setting as probate courts. Such courts have no original jurisdiction to probate wills except when the county judge is disqualified. Decrees of probate courts may be revised by the district courts upon appeal or certiorari.

*Wills—Probate of—Setting aside.*—A proceeding to set aside the probate of a will should be instituted in the court in which the will was probated.

Appeal from Atascosa County.

*Morrison & Bowen,* for appellants.

*H. D. Marr,* for appellee.

Opinion by Stayton, J.

Appellants, claiming to be children and heirs of one G. W. Chapman, deceased, brought this suit by original petition in the district court of Atascosa county, on the 4th day of September, 1882, against appellees, to contest the validity of a will of said G. W. Chapman, and to set aside a decree of the county court of Atascosa county, made July 22d, 1879, admitting such will to probate, claiming in their petition that G. W. Chapman died June 4, 1879, leaving an estate valued at fifty thousand dollars; that the probate of his will in said county court was void. There was a prayer that the will as probated be declared void, and that the proceedings of the county court probating the will be annulled, and for general relief.

The defendants filed pleas to the jurisdiction of the court, and also presented the same question by demurrers. The pleas and demurrers were overruled, and a trial was had, which resulted in setting aside the probate of the will in the county court, and the court then heard evidence, and proceeded to and did establish the same paper which had been probated in the county court, as the will

of G. W. Chapman. There are many questions raised by the as-
signments of error; but we are met at the very threshold of the
case with the question, as to whether the district courts, since the
adoption of the present constitution, have jurisdiction by an original
proceeding, to annul the action of a county court, had in the probate
of a will, and in such proceeding to probate a will.

This question in the view we take of it, renders the consideration
of any other question unnecessary. Under the constitution of 1845,
the district courts were given "original and appellate jurisdiction and
general control" over the inferior tribunal to which was confided the
transaction of business appertaining to estates. Art. 4, sec. 8.

The county courts were empowered, among other things, to take
probate of wills. P. D. 1226. And under the power given in that
constitution to the Legislature to regulate the manner in which the
original or appellate jurisdiction of the district courts should be ex-
ercised over the courts of probate, the Legislature provided that any
person interested in any will that had been probated, might at any
time within four years after such will was admitted to probate, insti-
tute suit in the district court to contest its validity. P. D. 1262.

Under the provisions of that constitution and the statute, it was
held that the district courts had jurisdiction to try suits instituted
to contest the validity of wills which had been admitted to probate.
Parker v. Parker, 10 Tex. 86; Vickery v. Hobbs, 21 Tex. 512.

The present constitution, unlike the former, confers no original
jurisdiction upon the district courts over the county courts sitting
as probate courts. The constitution provides that: "The district
courts shall have appellate jurisdiction and general control in pro-
bate matters over the county court established in each county for
appointing guardians, granting letters testamentary and of adminis-
tration, for settling the accounts of executors, admininistrators and
guardians, and for the transaction of business appertaining to es-
tates, and original jurisdiction and general control over executors,
administrators, guardians and minors, under such regulations as may
be prescribed by the Legislature." Constitution, Art. 5, sec. 8.

This section evidences that while an original jurisdiction and con-
trol over executors, administrators, guardians and minors is given to
the district courts, the sole jurisdiction given to such courts over the
county courts sitting in probate, is an appellate jurisdiction, and
that that must be exercised under such regulations as may be pre-

scribed by the Legislature. To enable the district courts to exercise the appellate jurisdiction thus conferred over probate courts the Legislature has provided that the decrees of probate courts may be revised upon appeal or upon *certiorari*. R. S., 290, 298, 2200, 2208, 3213, 3214.

The parties seek in this cause to revise, review or correct proceedings had in the probate court; to annul its decree probating the will of Chapman; and to do so, they must pursue the method prescribed by law to confer jurisdiction of the matter upon the district courts; for such courts have no original jurisdiction to probate wills, nor to annul a decree of a probate court admitting a will to probate, unless it be in a case in which a county judge is disqualified, when such power is expressly conferred. Const., art. 5, sec. 16.

Under the present constitution, which contains no grant of original jurisdiction to the district courts over our county courts in probate matters, except in case above stated, we believe the true rule to be that stated by Lipscomb, Justice, in the case of Hewson v. Chrisman, 9 Tex. 117, in which it was said, "we believe that where a person, and not the court, is to be acted upon, the jurisdiction may be exercised by proceedings in the usual form, to prevent or to enforce a remedy. But, where it is to control an inferior jurisdiction, by acting upon such tribunals, to sustain its action, or to review, revise, or correct its proceedings it must be by the use of some process issued from the district court, or one of its judges. To this there is an exception, that an appeal will lie from the probate court to the district court."

Such being the rule under the constitution of 1845, which gave to the district courts original jurisdiction and control over probate courts, limited in its exercise only by such regulations as might be prescribed by law; the reasons for its enforcement becomes much stronger when the district courts have *only an appellate jurisdiciton* over county courts in probate matters. The revised statutes do not provide any mode other or different, for contesting the validity of a will which has been admitted to probate, than is provided for the revision of any other decree of the county court sitting in probate. Art. 3213 provides, that "any person interested in any will which shall have been probated under the laws of this State, may institute suit in the proper court to contest the validity thereof, within four years after such will shall have been admitted to probate,

and not afterward." This does not prescribe the mode of procedure nor in which court it shall be instituted, but simply limits the time within which such proceeding shall be instituted. The reference indicates that this section of the revised statutes is a part of section 3 of the act of Aug. 9, 1876, General Laws, 1876, p. 94.

A reference to the original act shows that it was intended that the proceeding to set aside the probate of a will, should be instituted in the court in which the will was admitted to probate, and it might be held, as the section of revised statutes referred to, does not indicate in what court a proceeding should be instituted to set aside a will which has been probated, that it was the intention of the Legislature that it should be instituted in the probate court as provided by the act of Aug. 9, 1876, R. S., Final Title, sec. 19.

This view is strengthened by the fact that, in addition to the remedies which are given by appeal and by *certiorari*, to correct any decree which may have been made in a probate court in reference to the estate of a person under guardianship, the statute expressly gives a remedy by bill of review in the same court in which the proceeding sought to be corrected was had. R. S., 2717. This would seem to be a peculiarly proper course of procedure in reference to the annulling of a decree of a probate court, probating a will.

As the district courts have no original jurisdiction to probate wills except in the case specially provided for in the constitution, if such courts can probate a will at all in other cases, it can only be done by them when jurisdiction is had over the case, under the appellate jurisdiction given by the constitution.

The district courts having no general original jurisdiction to probate wills, and no original jurisdiction or control over probate courts, a decree rendered by a district court could have no effect upon a probate court or its decree, unless it acquires an appellate jurisdiction of the case as the constitution and laws prescribe, and therefore a county court would not be bound to observe any decree which a district court might make without first acquiring such jurisdiction, any more than would a district court be bound to observe a decree or judgment which this court might assume to render in any original proceeding which a party might here institute, but of which under the constitution and laws this court has no original jurisdiction whatever.

A judgment rendered by this court in the exercise of its appellate jurisdiction is binding upon all inferior tribunals, and it has power to enforce its decrees through the inferior tribunals; and in like manner would a judgment of a district court, in the exercise of its appellate jurisdiction, be binding upon a county court as well as upon the parties to the cause, and it would have the power to compel the inferior tribunal to execute its judgment; but before it could exercise such power, it would be necessary that it acquire such jurisdiction over the cause, the parties, and over the probate court as would authorize it to exercise such control, not only of the parties and subject matter, but also of the court whose decree was to be effected by its action.

Such a jurisdiction can be acquired by a district court over a decree of the probate court, and over a probate proceeding only by an appellate proceeding under the provisions of the present constitution. If there was an express provision in the statutes, that the probate of a will, admitted to probate in a county court, might be contested by a suit in the district court, as there was in the act of March 20, 1848, P. D. 1262, it would then become necessary to inquire whether such a suit was an appellate proceeding or not; but there is no such provision, and as two methods have been provided by the Legislature by which a decree of a probate court, admitting a will to probate, or refusing to admit it, may be reviewed, or rather tried *de novo* by the district courts, one or the other of these methods of procedure must be followed or a district court cannot acquire jurisdiction. Hence, we conclude that the district court had no jurisdiction of this cause as brought before it, and it is therefore unnecessary to consider the other matters presented by the assignments of error of the respective parties.

The judgment of the district court will be reversed, and the cause dismissed, and it is accordingly so ordered.