L. A. FRANKS ET AL. v. CAROLINE CHAPMAN ET AL.

(Case No. 4987.)

1. JURISDICTION OF COUNTY COURT IN CONTESTS OVER WILLS.— The county court is the proper court in which to begin a proceeding to contest the validity of a paper admitted to probate as a will. The jurisdiction is derived from the state constitution, and the legislature has no power to confer it by implication or in express terms on any other court.

2. STATUTES CONSTRUED.— Art. 1198, sec. 16, of the Revised Statutes is not in conflict with the above. In requiring proceedings to revise the action of the county court in probate matters to be prosecuted in the district court of the county in which the probate proceeding is had, it simply fixes the venue of such revisory proceedings as the constitution and laws permit the district court to exercise.

3. CONSTRUCTION OF STATUTE.— The words "may institute suit in the proper court," as they appear in article 3212, Revised Statutes, mean that the party may begin an original proceeding, and do not refer to a proceeding by certiorari or appeal.

4. STATUTE CONSTRUED.— It was the purpose of the legislature, in enacting art. 3213, Revised Statutes, to give persons interested in a will a remedy by which they could test its validity, either for the want of those things essential under the statute to the making of a will, or for the want of those requirements necessary to clothe the probate court with power to make valid probate of the paper.

5. PROBATE OF WILL — JURISDICTION.— A county court sitting in probate has jurisdiction to revoke the probate of a will which it had formerly probated, on the application of any one interested in the estate, on original proceedings begun within four years after the probate of the will.

6. JURISDICTION — WILLS.— In a proceeding begun for such a purpose, the county court, or (if the judge be disqualified) the district court, may, at the hearing, if it appear that the contested paper was executed with the formalities necessary to its validity as a will, but that it had not, when the jurisdiction of the court was first exercised over it, been properly probated, proceed to probate the paper as the will of the deceased, all the parties in interest being before the court.

7. PROBATE OF WILL — LIMITATION.— In such a proceeding, if it was begun within four years after the first irregular probate of the will, and a prayer to probate de novo was filed in the proper court after the expiration of four years, it will be in time; since the paper must be regarded as having been before the court for all purposes from the date of the proceedings attacking its validity as a will.

APPEAL from Atascosa.   Tried below before the Hon. D. P. Marr.

On the 5th of July, A. D. 1883, plaintiffs filed their petition in the county court of Atascosa county to contest the validity of the will of G. W. Chapman, deceased, and its probate, alleging in substance as follows:   That on the 22d day of July, A. D. 1879, at the July term of that court, sitting in probate, such proceedings were had that an instrument in writing, purporting to be the last will and testament of G. W. Chapman, deceased, was admitted to probate by the court and Caroline Chapman appointed executrix thereof.   The estate was valued at $50,000; that G. W. Chapman died on the 4th day of June, A. D. 1879, in Atascosa county; that the instrument so probated as the last will and testament of G. W. Chapman, deceased, was not the last will and testament of G. W. Chapman, and that the probate thereof was fraudulent and void; that the instrument was not executed by the said G. W. Chapman with the formalities and solemnities and under the circumstances required by law to make it a valid will; that it was not wholly written by the testator; that it was not signed by the testator in the presence of the witnesses, nor his signature exhibited and acknowledged to them; that it was not attested by subscribing witnesses; that it was, after the making thereof, expressly revoked by G. W. Chapman; that the county court, sitting in probate, had no jurisdiction to admit the instrument to probate; that no application to probate it was filed with the county clerk of Atascosa county; that no citation was issued to or served upon the heirs-at-law or parties interested in the estate; that the court admitted it to probate without proof of the facts required by law and without evidence; that the instrument was not proven by the written affidavit of a subscribing witness thereto, taken in open court, nor by any other competent testimony; that it did not appear by proof taken in court that the persons used as witnesses were over fourteen years of age, nor credible, nor that they subscribed their names in the presence of the testator; that it did not appear that citation had been served and returned in the manner and for the length of time required by law; that it did not appear by proof taken in court that the testator executed the will with the formalities and solemnities and under the circumstances required by law to make a valid will; that H. W. Chapman, one of the heirs, obtained possession of the papers of G. W. Chapman immediately after his death, and petitioners had had no opportunity to inspect the same; that H. W. Chapman and Caroline Chapman conspired and confederated together, and fraudulently suppressed an instrument of revocation,

and fraudulently exhibited for probate, and fraudulently procured and obtained the probate of the instrument before referred to as the last will and testament of G. W. Chapman, deceased, and thereby defrauded petitioners of their just and proper share and portion as heirs at law of the estate of the said G. W. Chapman. Other grounds were stated.

The prayer was that the proceedings in the county court to probate said instrument as the last will of the said G. W. Chapman, and the probate thereof, be set aside and declared to be null and void, and that said pretended will be canceled and declared to be null and void as the last will and testament of G. W. Chapman, deceased, and for such other and further relief as they may be entitled to in law or equity, with costs of suit.

A certified copy of the will and of all the proceedings in the county court to probate the same was attached to and made a part of the petition.

On November 8, 1883, the defendants filed their demurrers, special exceptions and answer.

The judgment sustained the demurrers.

*Morrison & Owen*, for appellants, on the sufficiency of the demurrers, cited: R. S., art. 3213; Franks *et al.* v. Chapman *et al.*, Austin Term, 1883 (60 Tex., 46); Parker v. Parker, 10 Tex., 86; Vickery v. Hobbs, 21 Tex., 570; Hopkins v. Wright, 17 Tex., 37, 38; Scoby v. Sweatt, 28 Tex., 727–28; Linney v. Peloquin, 35 Tex., 36; Fowler v. Stagner, 55 Tex., 396–97.

That the former proceedings were not mere irregularities, they cited: Pasch. Dig. of Laws, vol. 2, arts. 5469, 5470, 5474; R. S., arts. 1799, 1800, 1810, 1814, 1836, 1837, 1841; Act of August 9, 1876, p. 97, sec. 20; Murchison v. White, 54 Tex., 78; Norwood v. Cobb, 15 Tex., 500; Easley v. McClinton, 33 Tex., 288; Withers v. Patterson, 27 Tex., 491; Burditt v. Howth, 45 Tex., 466; Blossman v. Letchford, 17 Tex., 647; Roberts v. Stockslager, 4 Tex., 307; McCoy v. Crawford, 9 Tex., 353.

No briefs on file for appellee.

STAYTON, ASSOCIATE JUSTICE.—This action was brought by some of the children of G. W. Chapman against the widow and the other children of Chapman, in the probate court, to contest the validity of his will, which, in that court, had been probated within four years before the bringing of the suit.

The action is based on substantially the same facts as was a former suit between the same parties instituted in the district court, in which, on appeal, it was held that such a suit instituted by an original proceeding in a district court could not be maintained under the provisions of the present constitution, which give to such courts only an appellate jurisdiction in probate matters, except in those cases in which a county judge may be disqualified; of which the constitution expressly gives the district courts original jurisdiction. Franks *et al. v.* Chapman *et al.*, 60 Tex., 46 (2 T. L. R., 53). The county judge being disqualified by reason of having been of counsel in the case, it was transferred to the district court.

The averments of the petition are such as to show, not only irregularities in the procedure through which the paper claimed to be the will was probated, but also such, if true, as show that the paper was wanting in some of the essential elements necessary under the statutes of this state to the existence of a will.

There are also averments tending to show that if the paper was intended by Chapman at one time for his will, it was subsequently revoked by an instrument in writing. The averments in reference to this, however, are of the most general kind, and the special demurrer to so much of the petition should have been sustained; but there were substantial averments of facts sufficient to show not only that great, if not fatal, irregularities existed in the procedure through which the paper was probated as the will of Chapman, but also to show that in fact and in law the paper never was the valid will of G. W Chapman.

On demurrer those averments are to be taken as true; and in so far as the court below may have been influenced in sustaining the demurrers to the petition by the belief that the petition did not aver such facts as would entitle those interested in the estate to contest the validity of the paper as a will, we are of the opinion the court erred.

In the former case referred to it was in effect held that the county court was the proper court in which to institute a proceeding to contest the validity of a paper admitted to probate as the will of a deceased person, and we see no reason to doubt the conclusion there arrived at.

A proceeding to contest the validity, as a will, of a paper which has been admitted to probate as such, is no less a probate proceeding than is one instituted to have a paper probated as a will. The inquiry in each case is the same; the subject matter is the same; and the jurisdictional power exercised in declaring a paper already pro-

bated to be invalid as a will is co-extensive with that exercised in refusing to declare by the act of probate that the paper offered is the valid will of the deceased. The actors in the one case assume the burden of establishing a proposition negative in its character, while in the other they assume the burden of an affirmative. This is practically all the difference in the two procedures. They alike involve the exercise of general jurisdiction of a probate court in one of its most common and essential applications. This is conferred alone on the county courts, and the legislature has no power to confer it by implication or by express terms on any other court. Timmins v. Bonner, 58 Tex., 557.

There is nothing in the legislation had under the present constitution which evidences an intention to confer on the district courts an original probate jurisdiction, save in the one instance in which the constitution expressly gives it; and the fact that proceedings to revise the proceedings of the county courts in probate matters are required to be prosecuted in the district courts of the county in which the probate proceeding is had does not evidence such intention; it simply fixes the venue for such revisory proceedings as the constitution and laws permit the district courts to entertain. R. S., art. 1198, sec. 16.

It is a general rule that the judgments of courts of general jurisdiction are final and conclusive of the questions therein decided, jurisdiction of the subject matter and of the persons to be bound having been acquired, unless the same be set aside through some revisory proceeding permitted by law. But while this is true, it does not follow that such revisory proceeding must be prosecuted in some tribunal exercising strictly an appellate jurisdiction over the proceedings of the court in which the judgment is rendered.

In the absence of some constitutional prohibition, the legislature has the power to provide, at least as to all future cases, that a court may revise and set aside its own judgments for proper cause, and on a mode of procedure not in conflict with well settled constitutional restrictions; as may it provide for the revision of judgments by appellate tribunals by prescribing the mode in which such revisory power may be brought into exercise.

The statutes of this state provide that "Any person interested in any will which shall have been probated under the laws of this state may institute a suit in the proper court to contest the validity thereof, within four years after such will may have been admitted to probate, and not afterward." R. S., 3212.

"Any heir at law of the testator, or any other person interested

in his estate, may institute suit in the proper court to cancel a will for forgery or other fraud, within four years after the discovery of such forgery or fraud, and not afterward."

As said in Franks *et al. v.* Chapman *et al.*, these statutes do not provide the mode of procedure in express terms, nor do they declare in what court the suit may be instituted, but they do give the right to institute the suit for the purposes named, as well as prescribe the time within which such suits must be brought.

There can be but little doubt what was meant by the words " may institute suit in the proper court." To " institute a suit," as here used, evidently means " to begin; to commence; to set in operation." Webster.

If the remedy intended were by *certiorari* or appeal, it would not be the institution of a suit, but would be the continued prosecution of one already commenced.

The time prescribed within which the suit must be instituted is four years, and, in this respect, it is unimportant that its mover may not have been laboring under any disability; whereas such a person's remedy by *certiorari* would be barred in two years from the time the original judgment was rendered (R. S.,) 290; and such person's rights of appeal would be lost unless the appeal was perfected within fifteen days after the decision, order, judgment or decree was rendered. R. S., 2200, 2201.

Ordinarily, the words " may institute a suit " would not be understood to mean that a party might prosecute, by appellate procedure, an action or suit before commenced and decided.

The rule of construction is, upon general principles, as well as by our statute, that " the ordinary signification shall be applied to words, except words of art or words connected with a particular trade or subject matter, when they shall have the signification attached to them by experts in such art or trade or with reference to such subject matter." R. S., 3138.

The word " suit " is of very comprehensive signification; but, unless the context requires it, does not extend ordinarily to a proceeding by appeal, error or review, as the latter term is ordinarily understood and used, in speaking of bills of review technically. Abbott's Law Dictionary.

The suit must be instituted in " the proper court; " we have held that a district court was not a proper court in which to institute an original proceeding in a matter in probate; this being true, a proceeding by *certiorari* could not have been meant by the word " suit," for that must be had in the district court, and through the action of

that court or a judge thereof, and in its nature involves the exercise of appellate power, which, in favor of persons not laboring under disability must be exercised, if at all, within two years after the judgment or decree sought to be revised was rendered; whereas, as before said, the statute under consideration gives to persons not laboring under any disability a much longer period within which to institute a suit. The words could not, in the nature of things, have meant an appeal, which must be instituted and perfected in a county court before a district court can have any jurisdiction over the matter.

The object and purpose of art. 3213, R. S., is to give to such persons as are interested in a will a remedy by which to contest its validity. Its validity as a will depends upon its execution in accordance with the statute, as well as upon its due probate; for, however formally a paper intended to operate as a will may be executed by a qualified person, it has no validity as evidence of title or right until probated.

We are therefore of the opinion that it was the intention of the legislature to give to persons interested in a will a remedy by which they could test its validity, either for a want of those things essential under the statute to the making of a will, or for the want of those requirements necessary to clothe the probate court with power to make valid probate.

It is alleged that the paper probated as the will was not wholly written by Chapman; that it was not signed by him in the presence of witnesses, nor his signature exhibited to them by him and acknowledged; that it was not attested by subscribing witnesses; that neither application for the probate of the will nor citation to the heirs was made; that the paper was admitted to probate without such evidence as the statute requires; besides, there are many other matters as a ground for invalidity set up.

That the present is such a proceeding as was contemplated by the statute, and in harmony with the constitution, we have no doubt; and through it may be contested the validity of the paper as a will on account of essential defects in the execution of the paper, or on account of defects in the procedure through which it was probated. To restrict the operation of the remedy in effect to that of a bill of review, strictly, would be to take from it that which will make it accomplish the intended purpose.

The exercise of the power of revoking the probate of wills by the probate courts in which they are probated is believed to be in harmony with the practice in England and in many of the American

states; and in the absence of some constitutional restraint, we see no reason why such a power should not be exercised under the statutes of this state.

The practice in and powers of probate courts in proceedings for the revocation of the probate of wills is considered in the case of Waters v. Stickney, 12 Allen, 3, where many authorities are collected and considered. In some of the states such a power is held to exist even in the absence of an express grant.

Speaking upon the subject in the case of Bowen v. Johnson, Adm'r, 5 R. I., 119, the court said: "Our statutes nowhere recognize in express terms the power of our courts of probate to revoke a probate once granted by them; leaving that just and necessary power to be implied from the general power to "take the probate of wills, and grant the administration on the estates of deceased persons. . . . No one can suppose, however, that such power of revocation does not exist in them; else, if probate of a will be granted, and the time of appeal be past, inasmuch as their jurisdiction is exclusive, there would be no mode in which a later will of a testator, subsequently found, could be proved, without the inconvenience of tracing out at the same time conflicting authorities issuing from the same source, and with regard to the settlement of the same estate."

With us the power is given by statute; it is the exercise of original probate jurisdiction; such jurisdiction the constitution has withheld from the district courts, with a single exception, and in the most ample terms has conferred it on the county courts.

We are of the opinion that the court below erred in sustaining the demurrers and dismissing the petition; and are further of the opinion, as under the facts through which the cause was sent to the district court it now has and may exercise an original probate jurisdiction, that it should retain and try the cause, and make such orders and decrees therein as the facts proved may justify.

If it appear that the contested paper was executed with the formalities requisite to give it validity as a will, but that the proper procedure was not had to make its probate valid, then the court may proceed, all the necessary parties being before it, to probate the paper as the will of the deceased as fully as the same might have been done in the probate court in the first instance.

If more than four years elapsed before the prayer for the probate of the will in this proceeding, it will not impair the right of those seeking to have it probated, for the paper must be considered as before the court for that purpose since the time this proceeding was

.instituted; and if that were not so, the former probate would pre-sent a sufficient excuse for not asking action in this respect sooner. Judgment of the court below is reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion delivered May 13, 1884.]