JOHN HEATH, ADM'R, ETC., ET AL. v. P. H. LAYNE ET AL.

(Case No. 1494.)

1. ADMINISTRATION — PARTIES.— Any one interested in an estate could, under the constitution of 1845, by proceedings begun in proper time, maintain an action in the district court to revise or vacate an order of the county court in matters pertaining to the estate, for errors or irregularities committed during administration. Under the constitution of 1875 the district court can exercise for such purposes appellate jurisdiction only.

2. JURISDICTION — VOID AND VOIDABLE. — The orders of the county court having jurisdiction of an estate, which direct a sale of land belonging to it without the notice required by law, are not void, but voidable. Such orders may be set aside by those interested in the estate by direct proceeding before the tribunal, and in the time prescribed by law.

3. RETURN OF SALE — ADMINISTRATION. — The failure to enter the return of the account of sale on the minutes of the county court is but an irregularity, which, at most, would render the proceedings confirming the sale voidable only.

4. ADMINISTRATOR'S SALE. — An administrator who was authorized by order of the county court to sell land of the estate for cash, received from the purchaser, not cash, but a receipt against his own individual debt and other lands in payment. He reported, however, to the court that he had sold for cash, and the deed executed by him recited the receipt of payment in full in cash. Held:

(1) Such a sale was not void, but voidable only, at the suit of those interested, begun before the tribunal and within the time limited by law.

(2) The sureties on the administrator's bond would be liable for the amount of cash reported as the purchase money paid.

5. PURCHASER — IMPROVEMENTS. — One who purchases land from the heir pending administration on the estate of the ancestor, and improves the same while it yet remains, in contemplation of law, assets of the estate, has no equitable claim on account of his improvements as against a purchaser of the legal title at administrator's sale.

ON MOTION FOR REHEARING.

6. BILL OF REVIEW — COUNTY COURT — JURISDICTION. — The county court cannot, by bill of review, revise all orders which it may make in matters of probate within two years after the order complained of is entered. But it has, in common with other courts, the power, whenever its action has been without jurisdiction, or when its orders or judgments have been obtained by fraud, or by any other means which would render them void, to so declare them at any time.

APPEAL from Harrison. Tried below before the Hon. A. J. Booty.

Suit against appellants brought September 6, 1878, in the district court of Harrison county, to revise, vacate and annul an order of sale, sale and confirmation thereof, of the land in controversy, made by the county court of Harrison county, in the administration of the estate of Thomas Heath, deceased, and to remove cloud from title, etc.

The pleadings are very voluminous, and the record made up in disregard of the rules.

The case as made is as follows: Thos. Heath died in 1861, intestate, and leaving a large landed estate, with his brother, John Heath, sole heir. The latter soon thereafter qualified as administrator of the estate. Early in 1872 he made a regular application to the court for an order to sell lands to pay debts and back taxes, to be a

private sale. Due and legal notice was given of the application, and the application was granted in due form.

In 1877 certain creditors commenced proceedings to compel the administrator to make an exhibit and report of sale of land under the order, etc. This finally resulted in a report by the administrator that he had sold this and other lands to Hall. The court then disap-proved and disaffirmed the sale, and in the same order was con-tained the following: " And it is further ordered by this court that the administrator of this estate proceed to sell again privately for cash the tracts of lands aforesaid, and that he report his action to this court for action thereon." That order was made and entered May 25, 1878. On the same day the administrator made under oath a report that he had sold the land in controversy, for cash to G. B. Lipscomb for $3,850. On May 31st the report of sale was con-firmed, and a deed executed to Lipscomb the same day reciting the receipt of the purchase money. Lipscomb afterwards conveyed a portion of the land to Mrs. Fraley and another portion to Turner, retaining an interest, etc.

When Heath sold to Hall in 1875, he executed and delivered a deed to Hall for the several tracts of land sold, etc. Hall paid nothing; he afterwards conveyed without consideration these lands to Heath's (administrator's) wife, and they conveyed to appellees and those under whom they claim, etc.

It was claimed that the order of sale, and the order confirming the same, were void, because no notice was given, etc.; because, 1st. There was no entry made in the minutes of the return of the report of sale. 2d. That Lipscomb did not pay money for the land, but paid for the same in the individual indebtedness of the ad-ministrator, and the conveyance to him of other lands.

The appellees filed defenses, general and special demurrers to the jurisdiction of the court, general denial, innocent purchasers for value, etc.

Verdict and judgment for appellees.

*John T. Price, Myron R. Greer* and *Nathan A. Stedman,* for appellants, on the proposition that a purchaser of land at adminis-trator's sale is not bound to look beyond the judgment of the county court ordering the sale, cited: Alexander *v.* Maverick, 18 Tex., 178–196; Guilford *v.* Love, 49 Tex., 739; Grignon's Lessee *v.* Astor, 2 How. (U. S.), 319.

That an application to sell was not necessary to empower the court to order the sale, they cited: Murchison *v.* White, 54 Tex., 83;

Guilford *v.* Love, 49 Tex., 736; Alexander *v.* Maverick, 18 Tex., 196; Hurley *v.* Barnard, 48 Tex., 86–88.

*J. J. Hill,* for appellees, cited, on the proposition that the sale of the land was a proceeding *in personam,* and that notice was necessary to its validity: General Laws of 1876, p. 111, sec. 72; Act of 1848, Pasch. Dig., art. 1314; Act of 1846, Pasch. Dig., p. 317, art. 1099; Littlefield *v.* Tinsley, 26 Tex., 356; Finch *v.* Edmonson, 9 Tex., 504.

On the proposition that where the county court cannot afford adequate relief the district court will entertain jurisdiction, he cited: Becton *v.* Alexander, 27 Tex., 659; Smith *v.* Smith, 11 Tex., 102; Newson *v.* Chrisman, 9 Tex., 113; Crain *v.* Crain, 17 Tex., 80; Purvis *v.* Sherrod, 12 Tex., 140; Francis *v.* Northcote, 6 Tex., 185; Dobbin *v.* Bryan, 5 Tex., 276; Long *v.* Wortham, 4 Tex., 381; Thomas *v.* Hill, 3 Tex., 270; Chevallier *v.* Wilson, 1 Tex., 161; Const. of 1845, art. IV, sec. 10; Const. of 1875, art. V, sec. 8; Hagerty *v.* Scott, 10 Tex., 530; Freem. on Judg., §§ 486, 489, 495.

Counsel for appellees filed a lengthy argument on his motion for rehearing, in which many authorities were reviewed at length.

WATTS, J. COM. APP.— This suit had for its object the vacating and setting aside certain orders made by the county court in the matter of the estate of Thomas Heath, deceased, and to vacate and annul a sale of land made by virtue of such orders, and to remove cloud from title. It is claimed that the order of sale, and the order confirming the sale, and the sale itself, are each and all irregular and void.

The first question for consideration arising out of the record is as to the jurisdiction of the district court to hear and determine the case as presented by the pleadings.

Under the constitution of 1845, and the laws enacted in pursuance thereof, any person interested in the estate could maintain an action in the district court to revise and vacate an order made by the county court in matters pertaining to estates of deceased persons, for errors and irregularities therein, provided the suit was instituted within the time prescribed. But there is a marked difference in this respect between the constitution of 1845 and that of 1875. By the former it is in effect provided that the district court shall have *original* and appellate jurisdiction, and general control over the county court as a court of probate; while the constitution of 1875 provides that the district court shall have appellate jurisdiction, and

general control in probate matters over the county court. It will be observed that the former conferred both original and appellate jurisdiction upon the district court in such matters, whereas the latter only confers an appellate jurisdiction upon the district court.

This distinction is clearly marked and defined, and its effects discussed, in a clear and exhaustive opinion by Justice Stayton, in the case of Frank v. Chapman, 2 Texas L. R., 53.

It is there, in effect, held, that under the present constitution the district court has no original jurisdiction over the proceedings in the county court in matters pertaining to the estates of deceased persons, or over that court when sitting as a court of probate. That it has no other than an appellate jurisdiction, which, to become active, must attach in the modes prescribed by law. It results from this that an original proceeding cannot be commenced and maintained in the district court to revise and review probate proceedings had in the county court. The law has provided the modes by which the appellate jurisdiction of the district court might be made to attach, and that these are the modes to which the party complaining must resort to enable him to invoke the jurisdiction of that court.

It would seem that a proceeding in the nature of a bill of review might be instituted in the county court to revise and correct any proceeding therein had, provided it was done within the time prescribed for bringing suit by bill of review. And an appeal would be given to the district court from any final judgment by the county court in such proceeding rendered.

The statute gives to any person interested in the estate the right to appeal to the district court from any decision, order, decree or judgment of the county court in matters of probate. The party has the right also to institute his proceeding in the county court to revise and correct any proceeding therein had, within two years from the time the proceeding was had, and he also has the right of appeal from any judgment rendered therein.

But no original proceeding can be maintained in the district court, as could be done under the constitution of 1845, to review, revise, correct, etc., the orders, judgments, decrees and other proceedings of the county court. For the district court has no jurisdiction to hear and determine such matters when presented as an original proceeding.

In this case it is claimed that the adjudication had in the district court was not intended to, nor did it, affect or control the county court, but that it was intended thereby to reach and control the person.

It does not require more than a cursory examination of the petition and amendments and judgment of the court to show that such is not the case.   The orders of the probate court are directly attacked for certain irregularities and supposed illegalities, and the relief sought and prayed for is that those orders be vacated and set aside, while by the decree of the court the order of sale and all the proceedings thereunder are set aside and held for naught.

If, as claimed by appellants, the order of sale, sale and confirmation are absolutely void, then no right could be asserted under them. And whenever or wherever any right might be asserted under them, the court would have the power to declare them null and void.

And the next question for consideration and determination is as to whether the orders and proceedings had in the county court in reference to the sale of the land are nullities.

It is now well settled in this state that the county court has general jurisdiction in matters relating to the administration of the estates of deceased persons.   Guilford v. Love, 49 Tex., 715; Williams v. Bail, 52 Tex., 608; Murchison v. White, 54 Tex., 83; McNally v. Haynie, 2 Tex. L. Rev., 66.

When an administration has been properly opened in the county court upon the estate of a deceased person, the jurisdiction then attaches for the purposes of that administration.   And in respect to the proceedings thereafter had in the course of such administration, as said in McNally v. Haynie, "In respect to such matters, the inquiry is not one of jurisdiction as to the subject-matter, but as to whether or not the court has exceeded its legal authority in dealing with a subject-matter over which it has jurisdiction."

In reference to the effect upon a probate sale when notice is not given as provided by law, the decisions in the several states are not uniform.   In many of the states it is held that the proceeding to obtain an order for the sale of real estate is a new and independent proceeding *in personam*, and, if the required notice is not given that then the order and all the proceedings had by virtue thereof are nullities.

In others it is held that where the court has the power to order the sale of the estate of a deceased person, the action of the court in doing so operates upon the estate and not the heirs; the purchaser claims, not their title, but one paramount.   That the estate passes to the purchaser by operation of law.   And that the sale is a proceeding *in rem*, to which all who claim under the intestate are parties.   Freeman on Void Judicial Sales, secs. 15 and 16, and note 86.

At first our supreme court held that the obtaining an order to sell the lands of an estate was a proceeding *in personam*, and that the notice prescribed by law was essential to confer jurisdiction upon the court. Finch *v.* Edmondson, 9 Tex., 504. Subsequently the court held that notice was not essential to confer jurisdiction upon the court, and that the court had jurisdiction of the estate, and upon general principles could order the sale without notice. George *v.* Watson, 19 Tex., 369, 370. Since that time the doctrine has become firmly established in this state that the court has jurisdiction of the estate, and that orders of sale of real property without the notice prescribed are not void, but are irregular and voidable. And that such orders may be vacated and set aside by those interested in the estate, by direct proceeding for that purpose instituted in the tribunal and within the time prescribed by law.

If, then, it be conceded that the order by virtue of which the sale was made was made and entered without the prescribed notice, it would only be voidable, and therefore binding upon all until vacated or set aside in some of the modes prescribed by law. This being true, it is not necessary to express any opinion as to whether or not the notice given before the original order was obtained is not a compliance with the law, that order having been continued in force from time to time without other or further notice.

Appellees, however, claim that the report of sale, although returned and filed in court in due time, was not noted in the minutes of the court, and on that account and for that reason the order confirming the sale is void.

The failure to note the return of the account of sale in the minutes of the court is but an irregularity, which at most would render the proceeding voidable, but would certainly not make it void.

For neither in reference to the prescribed notice in the obtaining an order of sale, nor in noting the report of the sale upon the minutes of the court, does the law denounce any penalty for a failure to comply in either respect. That is, the statute does not declare the proceedings void where there is a failure to give the notice or to make the entry upon the minutes.

Appellees also assert that the sale, etc., is void because it appears that Lipscomb, the purchaser, did not in fact pay the money to the administrator as reported and as recited, but that he paid the administrator for the land in the individual debt of the administrator, and the conveyance to him of other lands in his individual capacity. There is no pretense that Heath did not receive a valuable consideration, but it is claimed that he was not authorized to receive anything but money in payment of the land. It is true that he was

ordered to sell for cash, and it was undoubtedly his duty to do so; but did his failure to demand and receive the money from Lipscomb make the sale void? He reported to the court that he had made the sale for cash and had received the money, and in his deed to Lipscomb acknowledged the receipt of the purchase money; while it appears that, in fact, instead of the money, he received as a consideration for the land a conveyance of other lands and a release of his individual indebtedness.

When he reported the sale for cash and that he had received the money, he then stood chargeable with that amount of money in hand for the estate. And it would seem to follow that his sureties would be liable for that amount. The statute provides that if the administrator delivers the deed, where the sale is made on a credit, without having first received the note and mortgage of the purchaser, that the sureties on his bond are liable for the full amount of the sale. Gen'l Laws 1876, p. 114, sec. 87; R. S., art. 2094.

In a case like this, where the administrator is ordered to sell for cash, and reports that he has made the sale and received the money, it is not believed that the sureties on his bond would be heard to deny the truth of the report. Such a sale, while it would not be void, could be vacated for the irregularity in a proper proceeding commenced by those interested within the time and in the tribunal provided by law.

The appellees purchased the land from the heir pending the administration. As was said in Mills v. Herndon, decided at the recent Tyler term (60 Tex., 353), that did not render their purchase void, but the rights acquired by the purchase was in every way subject to the administration. If the land was left undisposed of by the administrator at the close of the administration, then their title to the same became perfect.

They are not entitled to any equitable considerations in this case on account of having improved the land. For they made the purchase and placed the improvements upon the land at the time the same were assets of the estate, and subject to, in fact then being in the course of, administration.

Our conclusion is that as presented by the pleadings and evidence the district court had no jurisdiction of the cause, and therefore the judgment ought to be reversed; and as it might be possible for appellees to state a cause by amendment, of which the court would have jurisdiction, the case ought to be remanded.

REVERSED AND REMANDED.

[Opinion adopted March 14, 1884.]

ON MOTION FOR REHEARING.

STAYTON, ASSOCIATE JUSTICE.— This cause has been carefully considered on the motion for rehearing, and we see no good reason for granting the motion.

Viewed in any light in which the case may be, it is but too apparent that it is sought in this case, by a direct proceeding in the district court, to set aside an order of sale and a decree confirming a sale, both of which were made by a probate court in the exercise of the jurisdiction conferred on it by the constitution.

To accomplish this purpose in the manner pursued, the district court must have possessed an original jurisdiction over the matter, as no effort was made whatever to take such steps as would call into action the appellate jurisdiction which under the constitution the district courts have for the purpose of revising the actions of county courts in matters of probate.

The appellees had a means by which they could have had a revision of the orders in probate, of which they complain, which would have called into action the appellate jurisdiction of the district court; and if by failure to avail themselves of such remedies as the law gave them they have suffered loss, it is to be attributed to their own fault, and not to any defect in the law.

There is, however, to be drawn from the opinion heretofore rendered, that the county courts in probate matters have the power, by bill of review filed within two years after an order or decree with which a party may be dissatisfied has been rendered, to review any order which such court may make; we do not so understand the law, but, on the contrary, understand that the judgments and decrees of the county courts, sitting in probate, in reference to other matters than proceedings to revoke the probate of a will, or such matters as by statute such courts are authorized by bill of review to revise, are governed by the same rules in regard to their final judgments which govern other courts as to the finality of their judgments after the close of a term.

In common with all other courts, they have the power, when a judgment, order or decree has been entered without jurisdiction, or when obtained by fraud or such other means as are held to render the judgments, orders or decrees void, so to declare them at any time.

That a proceeding to revoke the probate of a will may be instituted in the court in which the will was probated, within the time prescribed, was recognized in Franks v. Chapman, 61 Tex., 576; as it was held in Franks v. Chapman, 60 Tex., 46, that in such case the dis-

trict court, in such matter, had no original jurisdiction. Except as it is given by statute, a probate court has no power by bill of review to revise its own decisions. The laws provide that this shall be done by some appellate proceeding in the district courts.

This matter is referred to that misconceptions upon this subject may not arise from the language used in the former opinion.

The motion for rehearing is overruled.

MOTION OVERRULED.

[Opinion delivered December 19, 1884.]