UNITED STATES FIDELITY & GUARANTY COMPANY v. LILLIAN BUHRER ET AL.

Decided June 30, 1909.

**Guardianship—Bill of Review—Appeal—Jurisdiction.**

An action in a County Court to review and correct a guardian's account is a probate proceeding whether it be entered on the civil or probate docket of said court, and an appeal from the judgment entered in such action lies in the first instance to the District Court of the county and not to a Court of Civil Appeals.

Appeal from the County Court of Harris County. Tried below before Hon. A. E. Amerman.

*Hunt, Myer & Townes,* for appellant.

*Lewis Fogle* and *L. C. Kemp,* for appellees.

REESE, ASSOCIATE JUSTICE.—One, Frank H. Wells, was guardian of the estate of Lillian Kuhns (now Lillian Buhrer), a minor, the guardianship being administered in the Probate Court of Harris County. At the September term, 1905, of said court an order was made approving the final account of said guardian and discharging him from the trust. It was adjudged, on such final settlement, that the guardian owed the ward nothing. On March 8, 1906, this suit was filed in the County Court of Harris County, by the said Lillian, joined by her husband, A. C. Buhrer, against the said Frank H. Wells and the United States Fidelity & Guaranty Company.

The petition alleges that said Wells had been appointed guardian of plaintiff and that the Guaranty Company was surety on his bond. It is charged that the guardian failed to account for and file an inventory of all property belonging to the estate of the minor, setting out the items of property not accounted for; that he had fraudulently sold certain property and failed to account for the proceeds; and that he had, in his final account, received credit for certain amounts to which he was not entitled, fraud being charged in the matter of such charges against the estate of the minor. The petition concludes with the following prayer:

"Wherefore plaintiffs pray that citation issue commanding defendants and each of them to answer this bill, and that upon the hearing hereof this court will review the accounts of said guardian of the estate of Lillian Kuhns, minor, and compel said guardian, Wells, and his said surety, defendants herein, to account to plaintiffs for the property which said guardian failed to account for and for the sums so wrongfully expended by said guardian, in the sum of $937.50, with interest thereon from September 10, 1902. That said defendants be decreed

to pay all costs of court including the costs of the guardianship proceeding, for all of which plaintiff's pray judgment."

The case appears to have been entered on the civil docket of the court, and upon the trial judgment was rendered for plaintiffs against both defendants for $349.08.

As showing the character of the proceeding we make the following extract from the judgment:

"It is therefore considered by the court and so ordered, adjudged and decreed, that the plaintiffs' bill of review be, and the same is hereby allowed; and it appearing to the court that at previous term of this court said defendant, Frank H. Wells, was duly appointed guardian of the estate of plaintiff, Lillian Buhrer, then Lillian Kuhns, and that said defendant Wells entered into a bond in the sum of $1,000 conditioned that he would faithfully and properly discharge his duties as guardian of the estate of said Lillian Kuhns and that said defendant the United States Fidelity & Guaranty Company became surety on said bond. And it further appearing to the court that certain items in the annual and final accounts of the guardian were improperly charged against the estate of said minor, Lillian Kuhns, now Lillian Buhrer plaintiff in this cause and improperly allowed by the court, viz.: . . ."

From this judgment defendant Guaranty Company gave notice of appeal to this court, and the case is here on appeal from the judgment.

Appellees have filed a motion to dismiss the appeal on the ground that the case is a probate proceedings, and appeal does not lie direct to this Court but to the District Court. If this be true, it is a matter of which this Court was bound to take notice without such motion. Appellant contends that the case was entered on the civil docket and tried as any other civil case, and that therefore appeal was properly taken direct to this Court.

Article 2789, Rev. Stats., with regard to proceedings in guardianship, is as follows:

"Art. 2789. Any person who may consider himself aggrieved by any decision, order or judgment of the court, or by any order of the judge thereof, may appeal to the District Court as a matter of right, without bond."

It is further provided, by article 2799 of the same chapter, that "any person may, by bill of review filed in the court in which the proceedings were had, have any decision, order or judgment rendered by such court, or by the judge thereof, reviewed and corrected on showing error therein."

On such appeal to the District Court the trial shall be *de novo* (Art. 2798).

The same provisions are made with regard to proceedings in the administration of estates. (Art. 2255, Rev. Stats.)

It is provided by section 8, article V, of the Constitution that the District Court shall have appellate jurisdiction and control in probate matters over the County Court established in each county for appointing guardians and settling the accounts of guardians and for the transaction of all business appertaining to estates. The jurisdiction

of Courts of Civil Appeals extends to all "civil cases" of which the County Courts have original jurisdiction. (Cons. art. V, sec. 6.)

A clear distinction is intended· to be made between a "civil case" and a proceeding in probate matters in the County Court, and this is not controverted by appellants, but the contention is made that a bill of review, such as the present suit, is such a civil case, and some force is sought to be attached to the fact, as claimed, that the case was entered upon the civil docket, or the "civil side of the docket" and not on the probate docket required to be kept by the clerk. (Arts. 1845, 1846, Rev. Stats.)

We do not think that the fact, as stated in appellant's brief, that the case was entered and tried on the civil docket affects the question presented by the motion. The essential character of the proceedings is shown by the pleadings and the relief sought and granted.

The bill of review is nothing more nor less in its effects than a rehearing or new trial as to the matter of the guardian's accounts, of which the County Court had jurisdiction as a court of probate, and not under the jurisdiction conferred upon that court to try civil cases. The court had no jurisdiction, other than that conferred on it as a court of probate, to review the guardian's accounts. (Freedman v. Vallie, 75 S. W., 324.) The following cases show that appeals from judgments or orders of the County Court in cases of such bills of review are to the District Court, though the direct question was not raised. (Young v. Gray, 60 Texas, 542; De Cordova v. Rogers, 67 S. W., 1042; Heath v. Layne, 62 Texas, 686.)

This court has no jurisdiction of appeals from the County Court in probate matters, but such appeals are to the District Court where the case is to be heard *de novo*. It may be that the County Court did not have jurisdiction to render judgment against the sureties, except under its jurisdiction to try civil cases. (Timmins v. Bonner, 58 Texas, 554; Handy v. Woodhouse 25 S. W., 40; Freedman v. Vallie, *supra*. ) That, however, does not affect the question here presented as to the jurisdiction of this Court to entertain this appeal. The joinder of the sureties, and judgment against them, may have been improper, but that does not render this other than a probate proceeding.

The appeal is dismissed for want of jurisdiction.

*Dismissed.*

Approved by Supreme Court on certified question, 103 Texas, 557.