## BOOTH v. MERCHANTS NAT. BANK OF BROWNSVILLE, TEX., et al. *

### No. 8714.

Circuit Court of Appeals, Fifth Circuit.

Dec. 29, 1938.

*Rehearing denied Jan. 23, 1939.

F. W. Seabury, of Brownsville, Tex., and James Q. Louthan, of San Benito, Tex., for appellant.

F. T. Graham, of Brownsville, Tex., for appellees.

Before HOLMES and McCORD, Circuit Judges, and DEAVER, District Judge.

HOLMES, Circuit Judge.

The appellant is a devisee under the will of F. N. Booth, deceased. One of the appellees, Merchants National Bank of Brownsville, was named as executor in a codicil of said will. On April 10, 1930, the will and codicil were admitted to probate by the County Court of Cameron County, Texas, and on the same day, pursuant to an order of court, the bank duly qualified as executor, took possession of the assets which had belonged to the deceased, and continued to administer upon his estate until, by reason of the bank's insolvency, it ceased to function.

The other appellee is the duly qualified and acting receiver of said bank, appointed by the Comptroller of the Currency of the United States. As such receiver, on January 6, 1933, he filed in said court the bank's final account as executor, praying that the same be examined, together with the attached vouchers and receipts, and that he be discharged from any further responsibility. Thereupon, the court made an order approving the account of the executor, including its fees as such, and discharging it and the receiver from all further duties in connection with the estate.

Upon petition of appellant, duly filed in the District Court of Cameron County, Texas, a writ of certiorari was issued commanding the clerk of the county court to certify and transmit to said district court a copy of all proceedings in relation to the probate of said will, the administration of the estate, the final account of the executor, and the order approving the same. In his petition, the appellant prayed that the matters relating to the accounts of the executor be heard de novo; that the district court disapprove various items allowed by the county court; and that the bank be ordered to turn over to the administrator de bonis non certain property belonging to the estate, or the value thereof.

Due return was made by the clerk to the writ of certiorari; and, upon application of the receiver, the entire case was removed to the United States District Court. The ground of removal was that this is a suit of a civil nature against the receiver of an insolvent national bank, that it directly affects the winding up of the affairs of said bank, and involves assets thereof in excess of three thousand dollars. The case is here solely upon the pleadings and the petition to remove. A motion to remand was overruled. Later, the entire suit was dismissed without prejudice.

The appellant insists that the allegations in his petition which the court below held to constitute an original action against the receiver for neglect and mismanagement of the estate should be treated as surplusage, and that the entire suit should be remanded to the state court as essentially of a probate character; but an analysis of the facts alleged and the relief sought by him leads us to the conclusion that there is a misjoinder of separate and distinct causes of action, one of which is, and the other of which is not, removable to the federal court. The case dismissed was a statutory proceeding to revise and correct an order of the probate court fixing the compensation of, approving the accounts of, and discharging the executor. The petition alleged various errors in the proceedings, and prayed that a number of items in the final account be disallowed. To this extent, the proceeding was of a strictly probate character; but the appellant went further in his petition and stated a cause of action inter partes; he sought to establish rights against the

480

bank itself for stocks withheld and converted to its own use, demanding a personal judgment against it and in favor of appellant for $68,645.50. As stated by the Supreme Court, he sought to "adjudicate questions which precede distribution."[1]

The appellees claim that the bank in this case was an independent executor under Article 3436 of the Revised Statutes of Texas,[2] and that the county court had no jurisdiction to audit and approve its administration account or to fix its compensation. Be this as it may, the bank's receiver voluntarily filed the account and asked for its approval, together with the allowance of compensation, and requested to be relieved of further responsibility in the matter. Citing Roy v. Whitaker,[3] appellant claims that there was no complete divestiture of jurisdiction, but only a suspension thereof, so long as the independent executor was faithfully engaged in the administration of the estate, and that such suspension terminated upon the resignation of the executor.

■ There is a dispute in the briefs (but none in the record) as to whether or not this executor resigned.[4] That it did resign is alleged in the petition for certiorari and not denied by appellees. On the contrary, in their answer, the appellees indirectly admit the resignation of the executor by referring to it as such. The probate court evidently deemed what took place a resignation, because, as pray-ed by appellees, it discharged the bank and the receiver from "all duties in connection with the estate and the executorship." We need not decide either the fact or the effect of the alleged resignation. The probate court necessarily had jurisdiction in the first instance to determine its own jurisdiction. If it erred, the state district court, by certiorari, had appellate jurisdiction to correct the error. The federal district court, upon a writ of certiorari, has no such jurisdiction. For the federal court to dismiss the certiorari, after removal, would place the appellant·at the disadvantage of having to make a collateral attack upon the judgment of the probate court, when he has proceeded in an orderly way to revise and correct it by direct attack. A nice question of probate jurisdiction is presented,[5] but it refers to a purely probate matter and should be determined by the state court.

■ The state of Texas has a separate and complete judicial system for·the probate of wills and the administration of assets of decedents, under which the county court has original and exclusive jurisdiction, with appellate jurisdiction in the district court by appeal or certiorari.[6] The District Court of the United States does not possess original jurisdiction of such administration accounts, and cannot acquire it by removal. In an appeal from the Eastern District of Texas, holding that the matter was cognizable solely in the

---

[1] Commonwealth Trust Co. v. Bradford, 297 U.S. 613, 56 S.Ct. 600, 80 L.Ed. 920.

[2] This statute permits a testator to provide that, after his will is probated and recorded, no action shall be had in the county court in relation to the settlement of his estate other than the return of an inventory, appraisement, and list of claims.

[3] 92 Tex. 346, 48 S.W. 892, 49 S.W. 367. Also, Art. 3470 of Revised Stat. of Texas, which provides that an executor or administrator may resign.

[4] In Breedlove v. Freudenstein, 5 Cir., 89 F.2d 324, 112 A.L.R. 777, which involved the same bank and the same estate, this court had before it for decision a very narrow issue, which was whether or not the bank, as executor, acting under authority of the probate court, with its acts subject to the approval of that court, might make a valid contract with the bank, as a corporation. On the theory that the executor was accountable to the probate court, the judgment was made subject to set-off by any judgment ren-dered against the bank in the general settlement of the estate. This was evidently due to concessions made in argument, and to the direct allegation of the receiver, in his petition, that the bank had formally resigned, as executor, and that its resignation had been duly accepted by the probate court; but the premises upon which the court proceeded to a decision in favor of the receiver in that case are disputed by the receiver in the instant case, where the resignation is important upon an issue of probate jurisdiction.

[5] Cf. Wilhelm's Estate v. Matthews, Tex.Civ.App., 274 S.W. 251, and Roy v. Whitaker, supra; also, see Stoll, Petitioner, v. Gottlieb, 59˙S.Ct. 134, 83 L.Ed. ——.

[6] Constitution of Texas, Art. 5, Sections 8 and 16, Vernon's Ann.St.Const. art. 5, §§ 8, 16; Revised Statutes of Texas, Articles 932 et seq., 3290, 3291, and 3698; Franks v. Chapman, 60 Tex. 46; Id., 61 Tex. 576; Heath v. Layne, 62 Tex. 686; Stewart v. Moore, Tex.Com.App., 291 S.W. 886, 888.

County Court of Texas, the federal Supreme Court held that matters essentially of a probate character are not within the jurisdiction of courts of the United States.[7]

The other relief sought by appellant involves a personal judgment against the bank. The demand was beyond the original jurisdiction of the county court (and consequently beyond the appellate jurisdiction of the district court of the state);[8] nevertheless, being a suit or action inter partes within the original jurisdiction of the District Court of the United States, it is removable on the ground stated. After removal, the question of jurisdiction may be raised in the federal court, which succeeds to the measure, and only to the measure, of jurisdiction possessed by the state court. If the state court had no jurisdiction, the federal court acquired none by removal. In such instance it would be futile to remand the cause to a state court without jurisdiction.[9]

We have here an unusual but palpable misjoinder of causes of action in that the petition for a writ of certiorari which seeks appellate relief of a purely probate character also includes a suit or action in personam against the bank and its receiver. In the petition for relief of an appellate nature it was improper to join a cause of action which invoked the state court's original jurisdiction; but a misjoinder of causes of action does not defeat removal. Whether or not there is a misjoinder is a matter for decision by the federal court after removal. It may order the pleadings to be reformed and require the misjoinder to be severed, and then dismiss or remand as justice requires.[10]

As the state district court was attempting to exercise appellate jurisdiction over the county court in one cause of action, and original jurisdiction in another, the federal court should have required the appellant to re-cast his pleadings in separate suits, remanding the purely probate matter to the state court and retaining the other for disposition according to law and justice. We do not decide at this time what disposition should be made of the original action inter partes after the pleadings have been reformed, but leave that for the decision of the district court in the first instance.

The judgment of the district court is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.

Reversed.

---

[7] Sutton v. English, 246 U.S. 199, 205, 38 S.Ct. 254, 62 L.Ed. 664.

[8] Franks v. Chapman, 60 Tex. 46; Id., 61 Tex. 576; Stewart v. Moore, Tex.Com. App., 291 S.W. 886, 888.

[9] East Tennessee, V. & G. Railroad v. Southern Telegraph Company, 112 U.S. 306, 5 S.Ct. 168, 28 L.Ed. 746; Lambert Run Coal Co. v. Baltimore & Ohio Ry. Co., 258 U.S. 377, 42 S.Ct. 349, 66 L. Ed. 671; 28 U.S.C.A. § 83.

[10] Barney v. Latham, 103 U.S. 205, 26 L.Ed. 514, wherein the court said (page 215):

"The right of removal, if claimed, in the mode prescribed by the statute, depends upon the case disclosed by the pleadings as they stand when the petition for removal is filed. The State court ought not to disregard the petition, upon the ground that, in its opinion, the plaintiffs, against whom a removal is sought, had united causes of action which should or might have been asserted in separate suits. Those are matters more properly for the determination of the trial court, that is, the Federal court, after the cause is there docketed. If that court should be of opinion that the suit is obnoxious to the objection of multifariousness or misjoinder, and for that reason should require the pleadings to be reformed, both as to subject-matter and parties, according to the rules and practice which obtain in the courts of the United States, and if, when that is done, the cause does not really and substantially involve a dispute or controversy within the jurisdiction of that court, it can, under the fifth section of the act of 1875 [28 U.S.C.A. § 80], dismiss the suit, or remand it to the State court as justice requires."

The above quotation is from a case where removal was solely on the ground of a separable controversy wholly between citizens of different states, but the principle announced is equally applicable where a federal question is the basis of removal and there is a misjoinder of two incompatible causes of action, in one of which the state court has exclusive jurisdiction. Cf. City of Waco v. United States Fidelity & Guaranty Co., 293 U.S. 140, 55 S.Ct. 6, 79 L.Ed. 244.