**Luther BIDDY et al., Appellants,**

v.

**Leonard M. JONES et al., Appellees.**

**No. 444.**

Court of Civil Appeals of Texas.

Tyler.

Oct. 16, 1969.

Rehearing Denied Nov. 6, 1969.

Roy A. Jones, Paducah, for appellants.

W. S. Heatly, Paducah, Richard D. Bird, Childress, for appellees.

SELLERS, Justice.

Mrs. Florence E. Garvin executed her Will on the 14th day of April, 1967. In paragraph 2 of the Will, it is stated:

"It is my will and desire that all of the estate of every description, real, personal or mixed, which I may own or die seized of shall pass to my beloved children, share and share alike in equal protions, to-wit:

"Leonard M. Jones of Elpaso, Texas,

"Agnes A. Jones of Everman, Texas,

"Mrs. Hazel Morgan wife of Frank Morgan of Bangs, Texas,

"Mrs. Ethel Mae Rogers, wife of Melvin Rogers of Menard, Texas,

"Mrs. Edna Pavel, wife of John Pavel of Venice, Florida."

The Will further provides for Luther Biddy of Cottle County, Texas, as independent executor of the Will and that said independent executor should sell any and all real estate belonging to the testatrix. This Will was drawn by Roy A. Jones, an attorney in Paducah, Cottle County, Texas.

Mrs. Garvin departed this life on the 27th day of October, 1968 in Paducah, Cottle County, Texas. Thereafter, her attorney, Mr. Jones, and the executor named in the Will filed the Will for probate in the County Court of Cottle County. Due notice was given and all of the children and devisees of Mrs. Garvin were notified. Said devisees filed a contest to the probate of said Will on the ground that there was no necessity therefor and that they would take care of all of the debts that might arise against the estate. The attorney offering the Will for probate and the independent executor had entered into a contract that the independent executor would pay the attorney five percent of the proceeds of the sale of the land for his services in assisting him in selling the real estate. The trial court heard the evidence, found that the Will was a lawful Will,

duly executed, and that Mr. Biddy was qualified to serve as independent executor. The Court further found that there was no necessity for the probating of the Will, and sustained the right of the devisees and the children of the testatrix to withdraw the Will from probate, denying the probate thereof. From this judgment, the attorney and independent executor duly excepted and gave notice of appeal to the District Court of Cottle County but wholly failed to file the bond required in order to confer jurisdiction on the district court, and no further proceedings were had toward perfecting the appeal from the judgment of the probate court.

On January 2, 1969, attorney Roy A. Jones, and Luther Biddy, the independent executor named in the Will, filed in the District Court of Cottle County their application for writ of certiorari. This application was given Cause No. 3093 in the 50th Judicial District Court of Cottle County. Shortly after the filing of the application for certiorari, the attorneys for the devisees filed in the District Court a motion in that proceeding for a summary judgment which motion was set down for hearing, and quite a lengthy hearing was had in which Mr. Jones, the attorney for the independent executor, offered some evidence and was heard at length on the motion for summary judgment. At the close of the hearing, the District Judge entered an order sustaining the motion for summary judgment and denied all relief sought by the independent executor and his attorney, Mr. Jones. From this judgment, the attorney for the independent executor gave notice of appeal to the Court of Civil Appeals at Amarillo, and the matter is now before this court for consideration.

■ At the outset, this court is at a loss to find in the record where the jurisdiction of the District Court was ever invoked for the hearing on the motion for summary judgment. It certainly did not acquire jurisdiction by an appeal from the County Court, therefore, for jurisdictional purposes, it must depend on the rights ac-

quired by the filing of the motion for certiorari. No bond appears in the record for the issuance of a writ of certiorari. Rule 345 for the District and County Courts provides as follows:

"The writ of certiorari shall in all cases be granted upon the application of a party therefor upon the applicant entering into bond in such sum as shall be required by the judge, sufficient to secure the costs of the proceeding."

Therefore, we have the application filed in the District Court without any bond for costs having been given. It would seem well settled by the Supreme Court of this State at an early date in the case of Buchanan v. Bilger et al., 64 Tex. 589, that the District Court in this case had no jurisdiction of the proceedings:

"It is now the well-settled doctrine of this court, that the district court has no original jurisdiction to revise and correct the proceedings, orders and decrees of a county court sitting in matters of probate. Its jurisdiction in this respect is entirely appellate, and to be exercised by means of an appeal or the writ of *certiorari* as provided in our Revised Statutes. Franks v. Chapman, 60 Tex., 46; S.C., 61 Tex., 576.

"It is therefore apparent that, in so far as the petition sought to use the original jurisdiction of the district court to revise the orders of the county court appointing Bilger administrator of the estate of O'Hara, or allowing his claim, or performing any other act in the estate, and within the line of the probate powers of that court, it was subject to a demurrer to the jurisdiction of the court.

"But the petition appealed to the appellate powers of the District court by praying for a *certiorari* to bring up these orders and decrees for revision and reversal. The plaintiffs, however, failed to pursue the provisions of the statutes in reference to *certioraris*, not having given a bond either for the costs of the proceeding, or for the performance of

the judgment of the district court in case it should be against them. That one or the other of these bonds shall be given is a positive requirement of our statutes, and without it the appellate jurisdiction of the district court does not attach."

 The district court having no jurisdiction of the proceeding, this court has none, and the cause will therefore be dismissed from the docket of this court at appellant's cost.

Appeal dismissed.