EAST TENNESSEE, VIRGINIA & GEORGIA RAILROAD CO. *v.* SOUTHERN TELEGRAPH COMPANY.

IN ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE MIDDLE DISTRICT OF ALABAMA.

Submitted November 10, 1884.—Decided November 24, 1884.

*Hilton* v. *Dickinson,* 108 U. S. 165, again affirmed.

The Circuit Courts of the United States, taking jurisdiction of a proceeding to enforce a remedy given by a State statute, can act only in accordance with the statute creating the remedy, and are possessed only of the powers con-

ferred by it on the State courts : and this court will modify a supersedeas granted by a Circuit Court of the United States in such a proceeding, in order to make it conform to the powers conferred upon State courts in that respect.

This was a motion to dismiss a writ of error for want of jurisdiction; or, if that should be denied, to modify the supersedeas.

Sections 1930, 1931, 1932 of the Code of Alabama give telegraph companies incorporated by other States a " right of way over the lands, franchises and easements of other persons and corporations, and the right to erect poles and establish offices, upon making just compensation as now provided by law." Sections 3580 to 3600, inclusive, prescribe the mode in which such a company may appropriate private property within the State for its uses. Application must be made therefor by petition to the Probate Court or to the Circuit Court of the proper county, both of which courts are invested with jurisdiction for that purpose. The proceedings in the court after the filing of the petition are to be *in rem*, and must " conform as nearly as may be, except as herein otherwise provided, to the proceedings *in rem* in the admiralty courts, and be conducted according to the rules of such courts so far as practicable." Sec. 3581. Provision is then made for notice of the filing of the petition to the owner of the property (sec. 3583) and for the empanelling of a jury, " who, under the direction of the judge, shall well inquire, and true assessment make, of the damages and compensation which the owner . . . shall be entitled to have for the appropriation, . . . ; and the assessment of compensation for any right of way shall be made irrespective of any benefit from any improvement proposed by the petitioner." Sec. 3586. " The owner . . . may intervene in the cause for his interest therein, and evidence may be offered on either side; but no delay in the assessment to be made by the jury shall be caused by any controversy or evidence in respect to the title or ownership of the land, or of any part thereof." Sec. 3587. " The verdict . . . shall be immediately entered in proper form upon the minutes of the court, to be kept for such

causes, and the amount thereof for each parcel shall constitute the compensation to be paid therefor, as hereinafter directed, before the appropriation thereof shall be made by the petitioner." Sec. 3589. It is specially made the duty of the court to speed the cause. Sec. 3590. "An appeal to correct errors of law only may be had, if applied for within three months after the assessment, to either the Circuit Court of the same county or the Supreme Court; . . . but no appeal shall, during the pendency of it, prevent or hinder the petitioner from occupying the land involved therein, and proceeding to work thereon; but the petitioner, before doing so, shall pay into the court, for the person or persons entitled thereto, the amount of damages and compensation by the jury therefor assessed." Sec. 3593. The amount assessed may be paid to the person entitled thereto or to the clerk of the court. Sec. 3594.

The Southern Telegraph Company, a New York corporation, being desirous of erecting a line of telegraph from Montgomery, Alabama, by way of Selma to Meridian, in the State of Mississippi, filed in the Probate Court of Montgomery County, Alabama, an application for the proper proceedings under the Code to enable it to acquire the right of way for that purpose along a line of railroad in Alabama operated by the East Tennessee, Virginia and Georgia Railroad Company from Selma to the Mississippi State line. Upon this application being made the necessary notices were served on the railroad company to appear on the 10th of April, 1884, and a jury was summoned for an inquiry into the amount of compensation to be paid the company for the appropriation sought. On the day named the railroad company intervened for its interest and showed cause against the appropriation, and averred in its intervention that the value of the property to be appropriated was $12,000, and that this was the proper measure of the compensation and damages it was entitled to if the prayer of the petition should be allowed. On the same day the railroad company filed in the Probate Court a petition for the removal of the cause to the Circuit Court of the United States for the Middle District of Alabama,

on the ground that the value of the matter in dispute exceeded the sum of $500, and the telegraph company was a citizen-of New York and the railroad company a citizen of Tennessee. Under this petition a removal was effected and a jury empanelled in the Circuit Court of the United States " to inquire, and true assessment make, of the damages and compensation " the railroad company was entitled to have for the appropriation. The compensation was assessed by the jury at $500, and this amount, as well as the costs, was paid to the clerk of the court. Thereupon a judgment was entered that the telegraph company have and enjoy " the rights, ways and easements claimed in the petition."

From that judgment this writ of error was brought. The telegraph company moved, 1, to dismiss the writ because the value of the matter in dispute did not exceed $5,000, and, if that motion was not granted, then, 2, that the supersedeas herein might be modified so as to allow it to occupy the right of way involved in the proceedings, and to work thereon pending this writ of error.

*Mr. W. A. Gunter* and *Mr. H. C. Semple* for the motion.

*Mr. Gaylord B. Clark* opposing.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court. He stated the facts in the foregoing language, and continued :

The value of the matter in dispute in this court is the difference between the amount of compensation claimed by the railroad company on its intervention and the amount assessed by the jury. *Hilton* v. *Dickinson*, 108 U. S. 165. There is nothing in the record to show that the alleged value of the property is not the true measure of the compensation to be assessed. As this amount is $12,000, and the jury allowed only $500, it follows that the value of the matter in dispute is sufficient to give us jurisdiction.

This is a proceeding under the statute of Alabama to ascertain the amount of compensation to be paid the railroad company for the appropriation of its property to the uses of the

telegraph company. That is the single question to be settled. The remedy is statutory only, and every court which takes jurisdiction for its enforcement is limited in its powers by the statute under which alone it can act. It must be assumed for all the purposes of the proceeding that the telegraph company has the right to make the appropriation, and that as soon as just compensation is made it may enter on the property and put up and work its lines. It is a proper exercise of legislative power to provide a way in which the amount of compensation shall be ascertained where the parties are themselves unable to agree. In Alabama this is to be done by a jury empanelled in a Probate Court or in a Circuit Court. The legislature might have made the action in these courts final, and not subject to review on appeal or writ of error. If that had been done, the assessment of the jury, when recorded in the proper court, would settle finally the amount of compensation to be paid for the appropriation, unless the assessment should be set aside for fraud or other sufficient cause in some appropriate independent proceeding instituted for that purpose. But it has been provided that an appeal may be taken "to correct errors of law only," the effect of which shall not be, however, to prevent the appropriating company from taking immediate possession and proceeding with its works on payment into court of the sum allowed by the jury.

The courts of the United States, on the removal of the proceeding from the Probate Court, were clothed with no greater power in the premises than the courts of the State would have possessed if their jurisdiction had been preserved. It follows that, as an appeal from the Probate Court to the State Circuit Court, or to the Supreme Court, would not have operated to prevent the telegraph company from taking possession of the property appropriated, and erecting its wires pending the appeal, the supersedeas on a writ of error from this court to the Circuit Court of the United States should be limited in the same way. This provision of the statute is by no means an unusual one, and was intended to prevent delays in the progress of a public work, while the parties were litigating in the higher courts as to the correctness of a preliminary assessment of com-

pensation to be paid an owner of property taken for the public use according to the forms of law.

*The motion to dismiss because the value of the matter in dispute does not exceed $5,000 is denied; but it is ordered that the supersedeas upon the writ of error from this court shall not, during the pendency of the writ, prevent or hinder the telegraph company from occupying the premises appropriated for its use and proceeding to erect and operate its line of telegraph thereon, after it has paid into the Circuit Court, for the person or corporation entitled thereto, the amount of damages and compensation assessed by the jury empanelled in the Circuit Court.*