### MURRAY v. AMERICAN SURETY CO. OF NEW YORK.

(Circuit Court, S. D. California. January 2, 1894.)

#### No. 557.

1. BANKS—RECEIVERS—AUTHORITY TO APPOINT—STATE STATUTES.
  The California statute authorizing the attorney general, on the recommendation of the bank commissioners, to institute suit to enjoin any bank guilty of violating the banking laws from doing further business, and, if it is found insolvent, to cause its business to be wound up under the direction of such commissioners, (Stat. 1877–78, p. 740, as amended by Stat. 1887, p. 90,) does not authorize the court to appoint a receiver for the bank; and a receiver thus appointed without authority cannot maintain a suit to collect claims of the bank.

2. SAME.
  A statute providing that upon the "dissolution of any corporation" a receiver may be appointed on the application of creditors or stockholders, (Code Civil Proc. Cal. § 565,) does not apply to the case of an insolvent bank which the state is proceeding against for violating its charter.

At Law. Action by Eli H. Murray, as receiver of the California Savings Bank of San Diego, a corporation, against the American

Surety Company of New York, to recover damages. On demurrer to the complaint. Demurrer sustained.

Luce & McDonald, for plaintiff.
Allen & Flint, for defendant.

ROSS, District Judge. This action was commenced in the superior court of San Diego county, and, on motion of the defendant, was transferred to this court. The action is for damages for the alleged breach of the conditions of two certain bonds, executed by the defendant to the California Savings Bank of San Diego, a corporation, to indemnify that institution against any pecuniary loss by it sustained by the fraud or dishonesty of one J. W. Collins, its vice president, and one Frederick T. Hill, its cashier.

The demurrer filed by the defendant raises, among other questions, the right of the plaintiff to bring the suit. That right is thus alleged in the complaint:

"That on the 12th day of November, 1891, the said California Savings Bank became and was insolvent and suspended business, and thereafter, to wit, on the 4th day of March, 1892, an action was commenced in the superior court of the county of San Diego, state of California, in the name of the people of the state of California, against said California Savings Bank, in which, among other relief demanded by the plaintiff, it was prayed that a temporary receiver be appointed to take possession of all the assets of said savings bank, and to make collection of all claims held by it; and that, upon the final trial of said action, said savings bank be adjudged insolvent, and a permanent receiver appointed to take charge of and collect, preserve, and distribute its assets, and that said corporation be closed and liquidated in the manner provided by section 11 of an act [of the state of California] entitled 'An act creating a board of bank commissioners, and prescribing their duties and powers,' approved March 30, 1878, and as amended by an act approved March 10, 1887; and that such proceedings were thereafter duly had in said action that, by an order of said superior court on that behalf duly made and entered of record, this plaintiff was, on the —— day of March, 1892, appointed temporary receiver of said savings bank, and authorized and directed to take possession of all its assets of every kind and character, and to collect and preserve the same pending said action. That on the 2d day of August, 1892, said action came regularly on for trial, and judgment was duly recovered by the plaintiff therein, and entered, 'that the defendant corporation, the said California Savings Bank of San Diego, and all its managers, officers, counselors, attorneys, agents, and others acting in aid or assistance of it or them, be, each and every one of them, and are, each and every one of them, enjoined and prohibited from the transaction of any further business as said corporation.' And it was further in and by said judgment and decree 'ordered and adjudged that Eli H. Murray, of the city of San Diego, is hereby appointed receiver of all the assets and properties of the said defendant corporation, and that he is hereby empowered to sue for and prosecute to determination all indebtedness due said defendant, and to collect, adjust, and settle all claims in favor of said defendant, and that he shall have the right to defend all suits instituted against said corporation, and that he shall allow and adjust, under the control of this court, all the claims against said bank, and, when determined, shall pay to the creditors of said bank such dividends as may from time to time be declared by this court, and to do and perform such further acts as may be provided by law or the further order of this court;' and that thereupon this plaintiff duly qualified as such receiver, and entered upon the discharge of his duties as such; and that said judgment has never been set aside or modified, but still remains in full force and effect; and this plaintiff ever since has been, and now is, the duly-qualified and acting receiver of said savings bank."

It is clear that the proceeding in the name of the people of the state of California, of which the superior court, at the instance of the attorney general of the state, took jurisdiction, was by virtue of section 11 of the act of the state creating the board of bank commissioners, and prescribing their duties and powers, of March 30. 1878, (Stat. 1877-78, p. 740,) as amended by an act approved March 10, 1887, (Stat. 1887, p. 90.) As so amended, the section reads:

"Sec. 11. If such commissioners, on examination of the affairs of any corporation mentioned in this act, shall find that any such corporation has been guilty of violating its charter or law, or the provisions of this act, or is conducting business in an unsafe manner, they shall, by an order addressed to the corporation so offending, direct discontinuance of such illegal and unsafe practices, and a conformity with the requirements of its charter and of law under this act; and, if such corporation shall refuse or neglect to comply with such order, or whenever it shall appear to said commissioners that it is unsafe for any such corporation as in this act mentioned to continue to transact business, they shall notify the attorney general of such fact, who, after examination, in his discretion, may commence suit in the proper court against such corporation, to enjoin and prohibit the transaction of any further business by such corporation; and upon the hearing of the case, if the judge of the court where the case is tried shall be of the opinion that it is unsafe for the parties interested, or for such corporation, to continue to transact business, and that such corporation or institution is insolvent, he shall issue the injunction applied for by said commissioners and attorney general, who shall cause said injunction to be served according to law; and said judge shall further direct said commissioners to take such proceedings against such corporation as may be decided upon by its creditors. If any corporation mentioned in this act, which is now insolvent, or which may hereafter become insolvent, or be thrown into liquidation by process of law, or by the order or consent of its stockholders, directors, managing officers, managers, or creditors, the affairs of such corporation shall be closed, and the business thereof settled within four years from the time it shall be declared to be insolvent, or be thrown into liquidation, as the case may be, unless at the expiration of such time it shall obtain the consent, in writing, from a majority of the board of bank commissioners, to continue in liquidation for a longer period. The bank commissioners shall, however, have no power to grant a continuance for such purpose for a longer period than one year at each time. Any corporation mentioned herein, now in liquidation, or that may be hereafter thrown into liquidation, shall make semi-annual reports of the condition of its affairs to the bank commissioners, in the same manner as the solvent banks mentioned in this act, and in addition thereto shall state the amount of dividends paid, debts collected, and the amount realized on property sold, if any, since the previous report. The bank commissioners shall have the power and it is hereby made their duty, to examine the condition of every such corporation in liquidation, in the same manner as in the case of solvent banks; and shall have a general supervisory control of any such corporation. They shall have the power to designate the number of officers and employes necessary to close up the business of any such corporation, and to fix the salaries of the same; and shall do all in their power to make such liquidation economical and as expeditious as the interests of the depositors and stockholders will admit. The bank commissioners are hereby empowered to examine into the affairs of all banks in process of liquidation, at the time of the passage of this act. When any such bank shall have been for two years next preceding the passage of this act, in process of liquidation, or when any such bank shall have been in liquidation for two years from the time it was declared insolvent, or thrown into liquidation, the bank commissioners shall have the power to direct that the business of the bank shall be closed, and may designate a time when such closing shall be effected, and may limit the number of officers and employes, fix their salaries, and make such other orders as are necessary for the economical and expeditious administration of the

affairs of the bank. If any officer or employe of any insolvent corporation, mentioned in this act, shall refuse to comply with the provisions of this section, or disregard or refuse to obey the directions of said bank commissioners, given in accordance with the provisions of this act, such officer or employe shall be punished by a fine of not less than five hundred dollars, or by imprisonment in the county jail for not less than one year, or by both such fine and imprisonment, as a court of competent jurisdiction may determine."

The remedy pursued by the attorney general in the name of the people of the state in the case of the savings bank in question being statutory only, the court that took jurisdiction for its enforcement was limited in its powers by the statute under which it acted. East Tennessee, V. & G. R. Co. v. Southern Tel. Co., 112 U. S. 306, 5 Sup. Ct. 168; Windsor v. McVeigh, 93 U. S. 274. It will be seen that the suit the attorney general is by the statute authorized to commence is one "to enjoin and prohibit the transaction of any further business by such corporation." And the statute proceeds to declare that if, upon the hearing of the case, "the judge of the court where the case is tried shall be of the opinion that it is unsafe for the parties interested or for such corporation to transact business, and that such corporation or institution is insolvent, he shall issue the injunction applied for by said commissioners and attorney general, who shall cause said injunction to be served according to law; and said judge shall further direct said commissioners to take such proceedings against such corporation as may be decided upon by its creditors."

That is the extent of the judgment authorized by the statute to be entered in the suit authorized by the attorney general; that is to say, the enjoining of any further transaction of business by the insolvent corporation, and an order that the commissioners take such proceedings against such corporation as may be decided upon by its creditors. The appointment of a receiver in such a judgment was beyond the power of the court, because beyond the scope of the statute under and by virtue of which alone the court was acting. A receiver is an officer of the court, and, when appointed, and his powers put in motion, the property of which he is appointed receiver passes into the custody of the court; the purpose of such proceeding being to preserve the property pending the litigation, so that the relief awarded by the judgment, if any, may be effective. No such purpose is manifested by the provisions of the bank commissioners' act, under which the attorney general proceeded in the case in question. This is further shown by the very next clause of the statute, which reads:

"If any corporation mentioned in this act, which is now insolvent, or which may hereafter become insolvent, or be thrown into liquidation by process of law, or by the order or consent of its stockholders, directors, managing officers, managers, or creditors, the affairs of such corporation shall be closed and the business thereof settled within four years from the time it shall be declared to be insolvent, or be thrown into liquidation, as the case may be, unless, at the expiration of such time, it shall obtain the consent, in writing, from a majority of the board of bank commissioners to continue in liquidation for a longer period. The bank commissioners shall, however, have no power to grant a continuance for such purpose for a longer period than one year at each time."

It is said for the plaintiff that the superior court had jurisdiction "under either section 11 of said act of 1878, or section 565 of the Code of Civil Procedure, [of California,] to make the appointment, provided that the creditors of the corporation came in and requested or consented to such appointment; and also upon the application of the stockholders or directors, and that, as the complaint does not show that there was no such application in that action, this court must presume that there was, if such presumption is necessary to uphold the appointment of the receiver." In the first place, no inference can be indulged in favor of the plaintiff that the judgment or order relied on to sustain the suit was based upon a complaint in intervention by the creditors, stockholders, or directors of the corporation. The general rule is that a pleading is taken most strongly against the pleader; and surely, where, as in this case, the complaint alleges that a certain judgment was entered in an action brought by the attorney general in the name of the people of the state against a corporation created by it, it cannot be presumed that such judgment was in fact based upon a complaint in intervention, filed in the action by some third party or parties. In the second place, neither creditors, stockholders, nor directors of a corporation could become parties, by intervention or otherwise, to a proceeding the object of which was to enjoin a corporation from carrying on its business in accordance with its charter. That power belongs alone to the state that grants the franchise. Section 565 of the Code of Civil Procedure of California provides that, upon the dissolution of any corporation, the superior court of the county in which the corporation carried on business or has its principal place of business, on application of any creditor of the corporation or of any stockholder or member thereof, may appoint one or more persons to be receivers or trustees of the corporation, etc. That section is manifestly inapplicable to the facts of the present case.

The demurrer must be sustained, upon the ground that the complaint does not show a right in the plaintiff to bring the suit. So ordered.