MURRAY v. AMERICAN SURETY CO. OF NEW YORK.

(Circuit Court, S. D. California. April 23, 1894.)

No. 557.

BANK RECEIVERS—APPOINTMENT—STATE STATUTES.

The California statute creating a board of bank commissioners (St. 1877–78, p. 740, as amended by St. 1887, p. 90), and authorizing (section 11) the attorney general, on their request, to commence suit to enjoin any bank which is violating its charter from transacting further business, and cause its affairs to be wound up under the direction of the commissioners, does not authorize the court, in such a proceeding, to appoint a receiver; and such an appointment is void, and gives the person named no power to maintain a suit to collect the bank's assets. 59 Fed. 345, reaffirmed.

This was an action by Eli H. Murray, as receiver of the California Savings Bank of San Diego, against the American Surety Company of New York, to recover damages for breach of conditions of certain bonds. A demurrer to the original complaint was heretofore sustained. 59 Fed. 345. Plaintiff thereafter filed an amended complaint, to which defendant also demurs.

Luce & McDonald, for plaintiff.
Allen & Flint, for defendant.

ROSS, District Judge. A demurrer to the original complaint having been sustained, on the ground that the appointment of the plaintiff as receiver of the California Savings Bank of San Diego was void, for which reason he could not maintain the suit, an amended complaint has been filed, to which the defendant has also filed a demurrer, again raising, among other questions, the right of the plaintiff to bring the suit. The amended, as well as the original, complaint shows that the plaintiff's right, if any, is grounded in a judgment of the superior court of San Diego county, Cal., rendered in an action brought by the attorney general of California, in the name of the people of the state, against the California Savings Bank of San Diego, a corporation organized and existing under its laws, by virtue of the provisions of section 11 of an act of California, creating a board of bank commissioners, of March 30, 1878, as amended by an act approved March 10, 1887 (St. 1877–78, p. 740; St. 1887, p. 90). As so amended, the section reads:

"Sec. 11. If such commissioners, on examination of the affairs of any corporation mentioned in this act shall find that any such corporation has been guilty

of violating its charter or law or the provisions of this act, or is conducting business in an unsafe manner, they shall, by an order addressed to the corporation so offending, direct discontinuance of such illegal and unsafe practices and a conformity with the requirements of its charter and of law under this act. And if such corporation shall refuse or neglect to comply with such order, or whenever it shall appear to said commissioners that it is unsafe for any such corporation as in this act mentioned to continue to transact business, they shall notify the attorney general of such fact, who, after examination, in his discretion may commence suit in the proper court against such corporation to enjoin and prohibit the transaction of any further business by such corporation, and upon the hearing of the case, if the judge of the court where the case is tried shall be of the opinion that it is unsafe for the parties interested or for such corporation to continue to transact business, and that such corporation or institution is insolvent, he shall issue the injunction applied for by said commissioners and attorney general, who shall cause said injunction to be served according to law. And said judge shall further direct said commissioners to take such proceedings against such corporation as may be decided upon by its creditors. If any corporation mentioned in this act which is now insolvent, or which may hereafter become insolvent or be thrown into liquidation by process of law or by the order or consent of its stockholders, directors, managing officers, managers, or creditors, the affairs of such corporation shall be closed, and the business thereof settled, within four years from the time it shall be declared to be insolvent or be thrown into liquidation, as the case may be, unless at the expiration of such time it shall obtain the consent in writing from a majority of the board of bank commissioners to continue in liquidation for a longer period. The bank commissioners shall, however, have no power to grant a continuance for such purpose for a longer period than one year at each time. Any corporation mentioned herein now in liquidation, or that may be hereafter thrown into liquidation, shall make semi-annual reports of the condition of its affairs to the bank commissioners in the same manner as the solvent banks mentioned in this act, and, in addition thereto, shall state the amount of dividends paid, debts collected, and the amount realized on property sold, if any, since the previous report. The bank commissioners shall have the power, and it is hereby made their duty, to examine the condition of every such corporation in liquidation in the same manner as in the case of solvent banks, and shall have a general supervisory control of any such corporation. They shall have the power to designate the number of officers and employees necessary to close up the business of any such corporation, and to fix the salaries of the same, and shall do all in their power to make such liquidation economical and as expeditious as the interests of the depositors and stockholders will admit. The bank commissioners are hereby empowered to examine into the affairs of all banks in process of liquidation at the time of the passage of this act. When any such bank shall have been for two years next preceding the passage of this act in process of liquidation, or when any such bank shall have been in liquidation for two years from the time it was declared insolvent or thrown into liquidation, the bank commissioners have the power to direct that the business of the bank shall be closed, and may designate a time when such closing shall be effected, and may limit the number of officers and employees, fix their salaries, and make such other orders as are necessary for the economical and expeditious administration of the affairs of the bank. If any officer or employee of any insolvent corporation mentioned in this act shall refuse to comply with the provisions of this section, or disregard or refuse to obey the directions of said bank commissioners given in accordance with the provisions of this act, such officer or employee shall be punished by a fine of not less than five hundred dollars or by imprisonment in the county jail for not less than one year, or by both such fine and imprisonment, as a court of competent jurisdiction may determine."

The amended complaint alleges, as did the original complaint, that on the 12th of November, 1891, the savings bank in question became insolvent, and suspended business, and that thereafter, to wit, on the 4th of March, 1892, an action was commenced in the superior court of the county of San Diego, state of California, by the

attorney general of the state, in the name of the people of the state, against the bank, in which, among other relief demanded by the plaintiff, it was prayed that a temporary receiver be appointed, to take possession of all of the assets of the bank, and to make collection of all claims held by it, and that, upon the final trial of the action, the bank be adjudged insolvent, and a permanent receiver be appointed to take charge of, collect, preserve, and distribute its assets, and that said corporation be closed and liquidated in the manner provided by the aforesaid section 11 of the act creating the board of bank commissioners, and that such proceedings were thereafter duly had in the action that by an order of said superior court, duly made and entered of record, the plaintiff, Murray, was, on the ——— day of March, 1892, appointed temporary receiver of the bank, and authorized and directed to take possession of all of its assets of every kind, and to collect and preserve the same pending the action.

The amended complaint, unlike the original one, alleges that the action brought by the attorney general of the state, in the name of the people of the state, was "upon the complaint of the board of bank commissioners of the state of California," and makes the further allegation, not found in the original complaint:

"That said savings bank was duly served with summons in said action, and appeared therein, and demurred to the complaint of the plaintiff, but that said demurrer was overruled, and said savings bank thereupon failed to answer the complaint, or to further plead in said action, but, so to do, made default; that all of the creditors of said savings bank duly appeared in said action, and by their petition, duly filed therein, requested said court to appoint a receiver to take charge of and close up the business of said savings bank, under the direction of said court and the board of bank commissioners of the state of California."

The amended complaint alleges, as did the original one, that on August 2, 1892, the action came regularly on for trial, and that judgment was duly recovered by the plaintiff therein, and entered; "that the defendant corporation, the said California Savings Bank of San Diego, and all its managers, officers, counselors, attorneys, agents, and others acting in aid or assistance of it or them, be, each and every one of them, and are, each and every one of them, enjoined and prohibited from the transaction of any further business as said corporation;" and that it was thereby further "ordered and adjúdged that Eli H. Murray, of the city of San Diego, is hereby appointed receiver of all the assets and properties of the said defendant corporation, and that he is hereby empowered to sue for and prosecute to determination all indebtedness due said defendant, and to collect, adjust, and settle all claims in favor of said defendant; and that he shall have the right to defend all suits instituted against said corporation, and that he shall allow and adjust, under the control of this court, all the claims against said bank, and, when determined, shall pay to the creditors of said bank such dividends as may from time to time be declared by this court; and to do and perform such further acts as may be provided by law or the further order of this court." And it is alleged that thereupon the plaintiff, Murray, duly qualified as such receiver, and entered upon

the discharge of his duties as such, and that said judgment has never been set aside or modified, but still remains in full force and effect, and that said plaintiff ever since has been, and now is, the duly qualified and acting receiver of the bank.

As stated by the court when considering the demurrer to the original complaint, the remedy pursued by the attorney general in the case of the savings bank in question being statutory only, the court that took jurisdiction for its enforcement was limited in its powers by the statute under which it acted. East Tennessee, V. & G. R. Co. v. Southern Tel. Co., 112 U. S. 306, 5 Sup. Ct. 168; Windsor v. McVeigh, 93 U. S. 276. Being satisfied that the demurrer to the original complaint was properly sustained, for reasons given in the opinion then filed, the question now is whether jurisdiction in the superior court to appoint a receiver of the property of the insolvent bank in the action brought by the attorney general of the state, in the name of the people of the state, is shown by the further allegations contained in the amended complaint that such action was brought "upon the complaint of the board of bank commissioners of the state of California," and that all of the creditors of the bank "duly appeared in said action, and by their petition, duly filed therein, requested said court to appoint a receiver to take charge of and close up the business of said savings bank, under the direction of said court and the board of bank commissioners of the state of California."

As will have been noticed, the provision of the statute in question is that in the event the bank commissioners ascertain that any corporation to which the act applies has been guilty of violating its charter, or any other law, or is conducting business in an unsafe manner, they shall notify the attorney general of such fact, "who, after examination, in his discretion may commence suit in the proper court against such corporation to enjoin and prohibit the transaction of any further business by such corporation, and, upon the hearing of the case, if the judge of the court where the case is tried shall be of the opinion that it is unsafe for the parties interested or for such corporation to continue to transact business, and that such corporation or institution is insolvent, he shall issue the injunction applied for by said commissioners and attorney general, who shall cause said injunction to be served according to law. And said judge shall further direct said commissioners to take such proceedings against such corporation as may be decided upon by its creditors." That, as said in the former opinion herein, "is the extent of the judgment authorized by the statute to be entered in the suit authorized by the attorney general. That is to say, the enjoining of any further transaction of business by the insolvent corporation, and an order that the commissioners take such proceedings against such corporation as may be decided upon by its creditors. The embracing of the appointment of a receiver in such a judgment was beyond the power of the court, because beyond the scope of the statute under and by virtue of which alone the court was acting. A receiver is an officer of the court, and, when appointed and his powers put in motion, the property of which he is appointed receiver.

passes into the custody of the court; the purpose of such proceeding being to preserve the property pending the litigation, so that the relief awarded by the judgment, if any, may be effective. No such purpose is manifested by the provisions of the bank commissioners' act, under which the attorney general proceeded in the case in question. This is further shown by the very next clause of the statute, which reads: 'If any corporation mentioned in this act which is now insolvent, or which may hereafter become insolvent, or be thrown into liquidation by process of law or by the order or consent of its stockholders, directors, managing officers, managers, or creditors, the affairs of such corporation shall be closed and the business thereof settled within four years from the time it shall be declared to be insolvent or be thrown into liquidation, as the case may be, unless at the expiration of such time it shall obtain the consent in writing from a majority of the board of bank commissioners to continue in liquidation for a longer period. The bank commissioners shall, however, have no power to grant a continuance for such purpose for a longer period than one year at each time.' "

Moreover, while this statute does not in terms declare in whose name the suit the attorney general is by it authorized to bring shall be brought, it would seem to be clear that it should be brought in the name of the bank commissioners, for not only does the statute, when providing for the issuance of the injunction against the further transaction of business by the insolvent corporation, speak of the injunction "applied for by said commissioners and attorney general," but also declares that the judge "shall further direct said commissioners to take such proceedings against such corporation as may be decided upon by its creditors." Manifestly, unless the commissioners are parties to the suit, they would not be bound by any such direction or order of the judge. Like the original, the amended complaint shows that the suit brought by the attorney general in the superior court was brought in the name of the people of the state, and not in that of the commissioners. That action, according to the averments of the complaint as amended, was between the people of the state on the one side and the insolvent bank on the other, to which neither the bank commissioners nor the creditors of the insolvent bank were parties.

Demurrer to the amended complaint sustained, with leave to the plaintiff to further amend, if he shall be so advised.