## In re HALL & STILLSON CO.

(Circuit Court, S. D. California. August 6, 1895.)

### No. 647.

FEDERAL AND STATE COURTS — PETITION FOR LEAVE TO LEVY EXECUTION ON RECEIVERSHIP PROPERTY—NOTICE.

A petition to a federal court for leave to levy an execution issued from a state court on property in the hands of a federal receiver, on the ground that the property was attached on process from the state court before it came into the receiver's hands, will not be determined, except on notice to the parties to the suit in the federal court, and notice to the receiver does not operate as notice to them.

This was a petition by the Hall & Stillson Company, a corporation, for an order authorizing the sheriff of San Bernardino county, state of California, to levy an execution upon the property of the Vanderbilt Mining & Milling Company, said property being in the hands of a receiver appointed by the United States circuit court for the Southern district of California.

The petition in this matter sets forth that on the 23d day of February, 1895, petitioner, the Hall & Stillson Company, commenced an action in the superior court of said county against the Vanderbilt Mining & Milling Company, a corporation, on an indebtedness of $5,165.83, besides interest, and that on said day a writ of attachment was issued out of said superior court, which on the same day was levied upon the property in question, the same being real estate; that afterwards, on the 13th day of June, 1895, judgment was recovered by the plaintiff in said action for the amount above named; that on or about the 18th day of June, 1895, in an action pending in the United States circuit court for the Southern district of California, wherein Henry King Whittle is plaintiff, and the said Vanderbilt Mining & Milling Company and others are defendants, one W. N. Crandall was appointed receiver of all the property of the said Vanderbilt Mining & Milling Company; that said W. N. Crandall, as such receiver, has taken, and now holds, possession of all the property levied upon by virtue of the aforesaid attachment. On the foregoing allegations, the prayer of the petition is for an order permitting the levy of an execution issued on said judgment upon the property above referred to. The petition was served upon the receiver, together with written notice that, upon said petition, petitioner would, at the time in said notice mentioned, move the court for the order above indicated. When the motion and petition were called up for hearing, objection thereto was made by the receiver, and also by the parties to the action, on the ground that the latter had not been notified of either the motion or petition.

E. B. Stanton and A. B. Paris, for petitioner.

Clarence A. Miller, Miller, Wynn & Miller, and Allen & Flint, for complainant.

W. J. Hunsaker and William Chambers, for defendants.

Henry Dillon, for Taylor, interpleader.

WELLBORN, District Judge (after stating the facts). It is a familiar and necessary rule, based on comity, and governing particularly the relations of state and federal courts of concurrent jurisdiction, that, where the object of an action requires the control and dominion of the property involved in the litigation, that court which first acquires possession draws to itself the exclusive right to dispose of it, for the purposes of its jurisdiction. Heidritter v. Oil-Cloth Co., 112 U. S. 306, 5 Sup. Ct. 135. This rule is invoked by the petitioner, and facts are alleged in the petition which, it is claimed, bring the application under the operation of the rule stated. If the petition be granted, the consequence will be the removal of the property in question beyond the reach of those upon whose complaints it has been, by this court, placed in the hands of a receiver. A motion or application looking to such a result ought not to be determined except upon due notice to the parties adversely interested. These parties are not only entitled to be heard on the issue of law arising upon the face of the petition, namely, whether or not the facts therein stated are sufficient to authorize the relief sought, but should also be allowed an opportunity, if so advised, to controvert the facts. To illustrate, the petition alleges, among other things, that on the 23d day of February, 1895, the sheriff of the county of San Bernardino attached, by virtue of a writ previously issued from the superior court of that county, the real estate in controversy. Suppose that in the issuance of the writ there was some fatal defect, which renders it a nullity, or that in the levy there was a failure to observe some statutory requirement essential to its validity. In either of these contingencies the property, whatever might be its situation if the attachment were valid, could not be in the custody of the sheriff. I instance these things merely to show that upon a petition of this sort there might arise issues of fact upon which the parties concerned unquestionably should be accorded a hearing.

Who are the parties concerned? Manifestly, the claimants of the property who are parties to the original suit. Does the receiver represent these parties, in the sense that notice to him is notice to them? When this question was first presented, two weeks ago, I was inclined to the affirmative side. Further reflection, however, has satisfied me that this inclination was erroneous, and that notice to the receiver is not notice to the real parties in interest. These parties have no common interest. Indeed, their claims are conflicting. It might be that some one or more of them, impelled by their respective interests, would desire this application to prevail, while others, moved by corresponding impulses, would antagonize the application. Manifestly, the receiver cannot be the common representative, on this question, of the various parties to the litigation, but each is entitled to speak for himself. Whether the petition be part of the original suit, or a proceeding outside of, but auxiliary thereto, it is not, as was said by the supreme court of the United States, relative to a somewhat kindred proceeding, in the case of Krippendorf v. Hyde, 110 U. S. 282, 4 Sup. Ct. 27, cited by petitioner, "an independent and separate litigation"; but "it was provided to enable the court to determine whether its process had, as was

claimed, been misapplied, and what right and justice required should be done touching the property in the hands of its officers. It was intended to enable the court, the plaintiff in the original action, and the claimant to reach the final and proper result by a process at once speedy, informal, and inexpensive." It does not seem to me, however, that it is material, except as to the appropriate means of bringing the parties before the court, whether this application be considered a cause petition, or a dependent suit, although I think it more regular and logical to treat the application as being made in the original action. This conclusion results, in part, from the fact that the court exercises control over the receiver, not through orders spread generally upon its minutes, but only by means of orders entered in the particular case in which the receiver is appointed. In whichever light, however, the application be viewed, the substantial requirement must exist, that the parties adversely interested to the petitioner shall be duly notified, and an opportunity to be heard thus afforded them. Foster states the requirement thus broadly:

"All petitions which are for matters not granted as of course must be served upon all parties interested in the matter prayed for in them. Service is made substantially in the same way, and at the same time before the hearing, as that of notices of motions." 1 Fost. Fed. Prac. § 202.

If, upon a hearing, after due notice to the parties interested, it shall be made to appear that the receiver of this court has taken possession of property which at the time was in the custody of another court of concurrent jurisdiction, I shall be prompt to recognize the rule of comity, and to act in accordance with its requirements. Whether the matters alleged in the petition are true. or, if true, whether they bring the case under the rule just adverted to, or, more specifically, whether an attachment of real estate gives to the officer attaching constructive possession thereof, or is merely the imposition of a lien thereon, are questions upon which no opinion is, at this time, expressed. All that I now decide is that the parties to the original suit are entitled to notice of this application before its hearing.