## ANHEUSER-BUSCH, Inc., v. DUBOIS BREWING CO.

### No. 869.

District Court, W. D. Pennsylvania.

Oct. 14, 1940.

Nims & Verdi (by Walter J. Halliday), of New York City, Alter, Wright & Barron (by James G. Fulton), of Pittsburgh, Pa., and Nagel, Kirby, Orrick & Shepley (by Dwight D. Ingamells), of St. Louis, Mo., for plaintiff.

Reed, Smith, Shaw & McClay (by Elder W. Marshall), of Pittsburgh, Pa., and F. Cortez Bell, of Clearfield, Pa., for defendant.

McVICAR, District Judge.

This is a civil action for alleged infringement of a trade-mark wherein the plaintiff seeks an injunction and an accounting for damages and profits.

The defendant filed a motion for a more definite statement of the complaint in eleven particulars, which are set forth in paragraphs 1 to 11 of said motion. The plaintiff has filed a more definite statement covering the matter set forth in paragraphs 1 to 4, inclusive, and 11 of the motion. The action is now before us as to paragraphs 5 to 10, inclusive, of said motion which relate to paragraphs 18 to 29, inclusive, of the complaint.

Defendant, in paragraph 5, seeks a more definite statement of paragraphs 18 and 19 of the complaint, by averment of the dates and persons to whom defendant made representations that its products may be lawfully supplied to the public, without explanation when "Budweiser" and "Bud" are called for, and in paragraph 6, a more definite statement as to paragraphs 20 and 21 of the complaint, so that the names and locations of the dealers may be furnished and the dates when they were induced and encouraged to pass off defendant's products on calls for "Budweiser" or "Bud".

Defendant, in paragraph 7 of its motion, seeks to have plaintiff furnish the names and locations of the dealers and the dates when sales were made by them, which are referred to in paragraphs 22 and 23 of the complaint. In paragraph 8, a more definite statement of the names and localities of persons with whom the sales recited in paragraph 24 of the complaint were made and the dates of such sales. In paragraph 9, a more definite statement in which would be shown the names and locations of the dealers mentioned in paragraph 25 of the complaint and the dates of the sales mentioned therein. And in paragraph 10, a more definite statement of the false representations mentioned in paragraphs 26, 27, 28 and 29 of the complaint, the dates of such representations and the representatives of the defendant who are alleged to have made the same.

Rule 1 of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, provides that said rules "shall be construed to secure the just, speedy, and inexpensive determination of every action." Rule 8(a) provides that "A pleading which sets forth a claim for relief * * * shall contain * * * a short and plain statement of the claim showing that the pleader is entitled to relief, * * * *". Rule 8(e) provides that "Each averment of a pleading shall be simple, concise, and direct." Rule 12(e) provides that "Before responding to a pleading or, if no responsive pleading is permitted by these rules, within 20 days after the service of the pleading upon him, a party may move for a more definite statement or for a bill of particulars of any matter which is not averred with sufficient definiteness or particularity to enable him

properly to prepare his responsive pleading or to prepare for trial." This rule has been interpreted differently by the District Courts. For rulings prior to the present Rules of Civil Procedure see the decision of this court in the case of Pipe Thread Protector Company of Pittsburgh v. Colona Manufacturing Company,[1] which was followed in the later case in this court of Bosch et al. v. Fort Pitt Brewing Company.[1] See, also, Michelin Tire Company v. Schulz, 295 Pa. 140, 144, 145, 145 A. 67.

Rule 12(e) requires the court to grant a motion for a more definite statement or for a bill of particulars of any matter which is not averred with sufficient definiteness or particularity (1) to enable the pleader to properly prepare his responsive pleading, or (2) to prepare for trial.

We are of the opinion that the averments of paragraphs 18 to 29, inclusive, of the complaint are not averred with sufficient definiteness to enable the defendant to prepare for trial, and in some instances, to make answer to the complaint. We believe that the granting of the motion, as to the paragraphs under consideration, will not prejudice the plaintiff; that the furnishing of a more definite statement as to the matter referred to in the motion under consideration will enable the parties to know, specifically, the issues that they are to try at the trial, and that the granting of the motion will tend to secure the just, speedy and less expensive determination of this action.

Plaintiff should be given a reasonable time to comply with this opinion and the order to be made.

Let a suitable order be prepared and submitted.

[1] No opinion for publication.