454

## NOMA ELECTRIC CORPORATION et al. v. POLAROID CORPORATION et al.

District Court, S. D. New York.

May 22, 1942.

Hays, Podell & Shulman, of New York City, by Isaac M. Barnett, and Benjamin Spiegel, both of New York City, for plaintiffs.

Julius Silver, of New York City, for defendant Polaroid Corporation.

Goodwin, Nixon, Hargrave, Middleton & Devans, of Rochester, N. Y., for defendant Eastman Kodak Co.

GODDARD, District Judge.

This is a motion by the plaintiffs to dismiss a counterclaim pleaded by the defendant, Polaroid Corporation. The action was commenced by plaintiffs in the Supreme Court of New York and removed to this court by defendant. The plaintiffs ask for dismissal of the counterclaim on the ground that it alleges a cause of action of which the state court had no jurisdiction; therefore as the jurisdiction of this court in the suit at bar is derivative only, this court lacks jurisdiction of the counterclaim.

The counterclaim prays for an injunction restraining the plaintiffs from infringing a patent and for an accounting of the profits arising from such infringement. The federal courts have exclusive jurisdiction over all cases involving patent infringements and for the granting of such relief. 28 U.S.C.A. § 371; Continental Store Service Co. v. Clark et al., 100 N.Y. 365, 3 N.E. 335.

Defendant concedes that upon removal of a case from a state to a federal court, a plaintiff is precluded from amending his complaint so as to plead a cause of action over which the state court would not have had jurisdiction, but contends that after removal of a case to the federal court, a defendant may plead a counterclaim, the subject matter of which is outside the state court's jurisdiction.

■ ■ The jurisdiction of the federal courts over cases removed from the state jurisdiction is derived from the state court. If the state courts lacked jurisdiction over the subject matter of the action, the federal courts cannot acquire jurisdiction as the result of the removal, although it might have had jurisdiction if the action had originally been commenced in the federal court. In State of Minnesota v. United States, 305 U.S. 382, 59 S.Ct. 292, 83 L.Ed. 235, Mr. Justice Brandeis says: "For jurisdiction of the federal court on removal is, in a limited sense, a derivative jurisdiction. Where the state court lacks jurisdiction of the subject matter or of the parties, the federal court acquires none, although in a like suit originally brought in a federal court it would have had jurisdiction. * * *" Page 389 of 305 U.S.,

page 295 of 59 S.Ct., 83 L.Ed. 235. See also General Investment Co. v. Lake Shore & M. S. R. Co., 260 U.S. 261, 43 S.Ct. 106, 67 L.Ed. 244; East Tennessee, etc., R. Co. v. Southern Telegraph Co., 112 U.S. 306, 5 S.Ct. 168, 28 L.Ed. 746.

A plaintiff may not therefore amend his complaint in a removed action so as to state a new cause of action against the defendant, which would be outside the state court's jurisdiction and a fortiori, a defendant in a removed action may not plead such a cause of action against the plaintiff. The language of the Supreme Court in De Lima v. Bidwell, 182 U.S. 1, 21 S.Ct. 743, 45 L.Ed. 1041, is significant: "Defendant neither gains nor loses by the removal, and the case proceeds as if no such removal had taken place". Page 174 of 182 U.S., page 744 of 21 S.Ct., 45 L.Ed. 1041.

Defendant urges that Section 38 of the Judicial Code, 28 U.S.C.A. § 81, and Rule 81(c) of Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, govern the situation and permits it to proceed as if the suit had been originally commenced in the federal court. It is true that such would be the correct procedure if the court had jurisdiction. But Rule 82 of the Federal Rules of Civil Procedure expressly provides that these rules shall not be construed to extend or limit the jurisdiction of the district court. See Barnsdall Refining Co. v. Birnamwood Oil Co., D.C., 32 F.Supp. 314.

Motion to dismiss the counterclaim set forth in paragraphs 16 to 22, inclusive, of the answer is granted without prejudice to defendant's right to institute an independent action for the relief sought in the counterclaim.

Bill of Particulars of defendant's other counterclaims. Most of the items in the demand for a bill of particulars have been agreed upon by counsel. Of those remaining plaintiffs are entitled to have answered items 9(a) and (b), 10(a) and (b), 11(a) and (b). Anheuser-Busch, Inc., v. Dubois Brewing Co., D.C., 1 F.R.D. 406; Mulloney v. Federal Reserve Bank of Boston, et al., D.C., 26 F.Supp. 148. The plaintiffs are not entitled to the particulars in items 12(b) and 13; the allegations of the counterclaim are sufficiently clear to enable plaintiffs to deny or admit them.

Order in accordance with above to be settled on notice.