**BEE MACH. CO., Inc., v. FREEMAN.**

No. 3781.

Circuit Court of Appeals, First Circuit.

Nov. 6, 1942.

George P. Dike and Cedric W. Porter, both of Boston, Mass., James W. Sullivan, of Lynn, Mass., and Dike, Calver & Porter, of Boston, Mass., for appellant.

Nathan Heard, of Boston, Mass., and Marston Allen, of Cincinnati, Ohio, for appellee.

Before MAGRUDER, MAHONEY, and WOODBURY, Circuit Judges.

WOODBURY, Circuit Justice.

On February 3, 1941, the plaintiff, a Massachusetts corporation, brought an action at law against the defendant, a citizen of Ohio, in the Superior Court of the Commonwealth of Massachusetts for breach of a contract entered into between them on November 29, 1933. In this action personal service was made on the defendant when he happened to be in Boston. By the terms of the contract in suit, the defendant, as the owner of certain patents, gave to the plaintiff a non-exclusive license to manufacture and sell the patented articles in New England and New York, and the plaintiff agreed to pay royalties on the articles it sold and to render to the defendant periodical accounts of its sales. In the declaration filed in this action the plaintiff alleged that it had fully performed all of the obligations imposed upon it by the contract but that the defendant had not, in that, in violation of clause 12 of the contract,[1] he had "failed and refused to furnish and deliver to the plaintiff the indispensable and necessary drawings and model parts required for the manufacture" of certain improvements in the patented articles which he had developed or acquired. In its declaration the plaintiff also alleged that the defendant had injured the plaintiff's business by providing such drawings and parts to his other licensees operating in the territory covered by the plaintiff's license, and by representing to the trade in general and to the plaintiff's customers in particular that the plaintiff was not licensed to manufacture and sell the patented articles as improved and anyone purchasing such improved articles from the plaintiff would be subjected to suits for patent infringement.

The defendant, appearing specially, removed the action to the United States District Court for the District of Massachusetts on the ground of diversity of citizenship and amount in controversy; answered alleging that the issues set forth in the declaration had been previously determined adversely to the plaintiff by a final judgment entered by the United States District Court of the Southern District of Ohio, Western Division, 40 F.Supp. 299; and filed a counterclaim for damages alleged to have been sustained by him by reason of the necessity of defending himself "in this cause, most wrongfully brought". He then moved for a summary judgment under Rule 56(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. On the day before this motion was to come up for hearing the plaintiff moved to amend

---

[1] Clause 12, in so far as material here, reads as follows: Licensor agrees that if in the future he should develop or acquire improvements in the dies, anvils, and masks licensed herein that the Licensee shall have the right, subject to the conditions of this license, to use the same without additional royalty.

its declaration by adding thereto a complaint for treble damages under the antitrust laws of the United States.

The district court granted the defendant's motion for summary judgment and denied the plaintiff's motion to amend and thereupon entered judgment for the defendant. The plaintiff then took this appeal.

Federal jurisdiction on the ground of diversity of citizenship and amount in controversy is clear. Our jurisdiction over this appeal under 28 U.S.C.A. § 225 is equally clear.

We shall first consider the question of res adjudicata raised by the granting of the defendant's motion for a summary judgment. We turn, therefore, to the record of the litigation between the parties in Ohio.

It appears that in June, 1937, the plaintiff filed a bill in equity against the defendant in the United States District Court for the Southern District of Ohio, Western Division, in which it set out the contract of November 29, 1933; alleged its full compliance with the terms of that contract, and breaches thereof by the defendant. The breaches alleged were (1) that the defendant had refused to credit the plaintiff with overpayments of royalties; (2) that for the purpose of harassing the plaintiff into concessions with respect to its claim of overpayment of royalties and "to create apprehension on the part of the plaintiff that it might lose its license", the defendant, "without any justification whatever" had begun proceedings to cancel the contract according to the provisions of clause 10 thereof[2] which proceedings he proposed to prosecute unless enjoined; and (3) that the defendant, in breach of clause 12 of the contract, refused to provide the plaintiff with the information necessary to enable it to manufacture the patented articles with the improvements therein which the defendant had developed or acquired. The relief asked for in this suit was for an injunction to restrain the defendant from terminating the contract; for an accounting of royalties; for an order requiring the defendant to disclose to the plaintiff the improvements which he had made so that the plaintiff might manufacture the articles

as improved, and for such other and further relief as justice and equity require.

The defendant answered denying that he had broken the contract but alleging that the plaintiff had, and that in consequence he had the right to cancel under clause 10 above. He also filed two counterclaims, one for an accounting of royalties which he alleged the plaintiff owed him, and the other for infringement of the patents in question by the plaintiff.

Before trial counsel for the parties stipulated "that the issue of the existence of a License Agreement between the parties shall be tried first and separately". After full hearing on this issue the court, ruling "that the License Agreement between the parties was properly cancelled by the defendant, Freeman, for cause or breach of condition by the plaintiff justifying the cancellation upon his (Freeman's) part", entered a decree dismissing the plaintiff's bill of complaint. The court referred the defendant's first counterclaim, "insofar as it seeks an accounting against the plaintiff of the amounts due from the plaintiff to the defendant", to a master for hearing and report. It did not pass upon the merits of the defendant's second counterclaim but left the matter of patent infringement raised thereby "to further hearing and trial between the parties".

On appeal the United States Circuit Court of Appeals, Sixth Circuit, 121 F.2d 451, affirmed the decree of the district court without opinion.

The plaintiff contends that the doctrine of res adjudicata cannot be invoked to bar it from proceeding to trial in the Massachusetts action because the decree in the suit in Ohio was only an interlocutory one. While it is true that the decree of the district court in Ohio was interlocutory, it was interlocutory only in that the issues raised by the defendant's counterclaims were not fully determined but were left for further litigation between the parties. After full hearing the court decided the only issue submitted to it under the stipulation of counsel quoted above, that is, the issue of the existence of the license contract, and it resolved that issue in favor of

---

[2] This clause in full reads as follows: This license may be cancelled by the licensor for cause or breach of condition by the Licensee upon first giving thirty (30) days written notice of the cause or breach complained of, and if not corrected within said time, a further written notice of cancellation may be sent by registered mail by Licensor cancelling this license within an additional thirty (30) days from said second notice, but such cancellation shall not affect the right of Licensor to collect royalties then due.

the defendant. That is, the court decided that although there had been at one time a contract between the parties, the defendant, Freeman, had acted within the rights conferred upon him by that contract when he cancelled it for violation of its terms by the plaintiff, Bee Machine Company. It seems to us clear that the determination of this issue by the Ohio Court was final. As to the issue before it that Court left nothing open for later decision after further hearing, and counsel for each party appears to have been afforded full opportunity to present his case upon it. We see no reason why, as to the issue considered, the decree of the District Court for the Southern District of Ohio should not be regarded as final, for purposes of res adjudicata, especially in view of its affirmance on appeal by the circuit court of appeals.

We proceed, then, with our consideration of the applicability here of the doctrine of res adjudicata with two matters established (a) the identity of the parties in both the suit in equity in Ohio and in the action at law in Massachusetts, and (b) the finality of the decree entered in the suit in equity in so far as it determined that the contract between the parties had been properly cancelled by the defendant for breaches thereof by the plaintiff.

█ █ The contract in suit is not a severable one. Looking at the instrument as a whole it is clear that the promises of the defendant, licensor, were made to depend upon the payment to him by the plaintiff, licensee, of the royalties agreed upon. Penley Bros. Co. v. Hall, 1 Cir., 84 F.2d 371, 374. No part of it could be performed independently of any other part, and it is well settled that an action for damages for breach of such a contract cannot be maintained without proof of performance, or of a legally sufficient excuse for non-performance, by the plaintiff. "In promises for an agreed exchange, any material failure of performance by one party not justified by the conduct of the other discharges the latter's duty to give the agreed exchange even though his promise is not in terms conditional." Am.Law Inst., Restatement of Contracts, § 274. Or, as stated by this court with respect to a contract very similar to the one under consideration in the case at bar: "It is well settled that a party who breaks a contract is precluded from recovering upon it, except upon proof that the part of the contract which he broke was

independent of the part which he seeks to enforce." Penley Bros. Co. v. Hall, supra.

Thus, to recover in the Massachusetts action the plaintiff must prove its allegation that it had fully performed its obligations under the contract. Can it do this in the face of the decree of the Ohio Court? We take the view that it cannot.

The reason we take this view is that the Ohio Court based its decree of dismissal upon the ground that the defendant properly cancelled the license agreement "for cause or breach of condition" by the plaintiff justifying such action. That is to say, it denied the plaintiff the relief which it sought because it concluded that the plaintiff had itself broken the contract. Clearly the plaintiff's performance of its obligations under the contract was an issue raised by the pleadings on file in the case before the Ohio Court, and from the parts of the decree of that Court quoted in this opinion, as well as from its memorandum of decision, it is clear that the result which it reached was based solely upon its determination of that issue.

From this it follows that the plaintiff fails in its attempt to invoke the rule that if the second action is not for the same cause of action as the first, the first action adjudicates only such facts as are shown to have been the basis of the relief, denial of relief, or other ultimate right established by the judgment or decree in that action.

█ The rule applicable to the situation disclosed by the case at bar is well stated in Am.Law Inst., Restatement of Judgments (Second Revise) § 68 as follows: "Where a question of fact essential to the judgment is actually litigated and determined by a valid and final judgment, the determination is conclusive between the parties in a subsequent action on a different cause of action."

We pass now to the question raised by the denial of the plaintiff's motion for leave to amend its complaint for breach of contract by adding thereto a claim for treble damages under the federal anti-trust law.

█ █ If the plaintiff had brought its action in the first place in the federal district court, it seems clear that under Rule 18(a) of the Federal Rules of Civil Procedure, it could have joined a claim under the anti-trust laws to a claim for breach of contract in one complaint. See 2 Moore's Federal Practice Under the New Federal Rules, § 18.02. This being so, in an action begun

in a federal district court, there could be no valid objection on the ground of misjoinder of actions to amending, by leave of court if necessary, Rule 15(a) of the Federal Rules of Civil Procedure, a complaint claiming for breach of contract by adding thereto a claim under the anti-trust laws. But, the action in the case at bar was begun in a court of the Commonwealth of Massachusetts, a court which, although it had jurisdiction over the claim for breach of contract, did not have jurisdiction over the claim under the anti-trust laws. 15 U.S. C.A. § 15; Blumenstock Bros. v. Curtis Pub. Co., 252 U.S. 436, 440, 40 S.Ct. 385, '64 L.Ed. 649. For this reason the court below held that it did not have jurisdiction to allow the amendment because the only jurisdiction which it had derived from the jurisdiction of the Massachusetts Court.

There are authorities squarely in support of this view, Carroll v. Warner Bros. Pictures, D.C., 20 F.Supp. 405; Noma Electric Corp. v. Polaroid Corp., D.C., 2 F.R.D. 454, but they are not binding upon us and we decline to follow them.

The court below and the district courts in the cases cited, reached their result by applying the rule applied by the Supreme Court in Lambert Run Coal Co. v. Baltimore & Ohio Railroad Co., 258 U.S. 377, 382, 42 S.Ct. 349, 66 L.Ed. 671; General Investment Co. v. Lake Shore, etc., Railway Co., 260 U.S. 261, 288, 43 S.Ct. 106, 67 L.Ed. 244; and State of Minnesota v. United States, 305 U.S. 382, 389, 59 S.Ct. 292, 295, 83 L.Ed. 235, which was stated by Mr. Justice Brandeis in the case last cited as follows: "If Congress did not grant permission to bring this condemnation proceeding in a state court, the federal court was without jurisdiction upon its removal. For jurisdiction of the federal court on removal is, in a limited sense, a derivative jurisdiction. Where the state court lacks jurisdiction of the subject matter or of the parties, the federal court acquires none, although in a like suit originally brought in a federal court it would have had jurisdiction."

In our opinion the above rule was misapplied by the court below.

■ The Supreme Court in the cases cited above had under consideration the situation presented when an action over which a state court had no jurisdiction was removed to a federal court, and it held that, the state court having no jurisdiction the federal court could acquire none upon removal even though the federal court would have had jurisdiction if the action had originally been brought in that court. The reason for this rule appears to be that because of lack of jurisdiction there was, legally speaking, no action pending in the state court and hence no action which could be removed to the federal court.

■ But in the case at bar, as well as in the Carroll and Noma Electric Corp. cases, the state court had jurisdiction over the action as it stood in that court and hence there was pending before it an action which could be removed. The question here presented is whether, after the removal of such an action, it can be amended by adding thereto a claim which the federal court has jurisdiction to try, but which the state court would have lacked if the claim had been advanced while the action was there pending. The reason for the Supreme Court rule clearly fails in cases like the present. Furthermore, allowance of the amendment would not do violence to, but would effectuate, the purpose of the section of the removal statute, 28 U.S.C.A. § 81, which provides: "The district court of the United States shall, in all suits removed under the provisions of this chapter, proceed therein as if the suit had been originally commenced in said district court."

And the allowance of such an amendment works no undue hardship upon a defendant for, as stated in 1 Moore's Federal Practice under the New Federal Rules § 15.01, in criticism of the Carroll case: "The holding of the instant case compels the plaintiff to institute a separate action for violation of the anti-trust laws. But if this is done, and the action is brought in the federal district court where the removed action is pending the court may consolidate it with the removed action pursuant to Rule 42. Since federal jurisdiction will not be enlarged by the amendment, practical considerations justify amendment in situations of this kind." Allowing the amendment, then, provides in effect only a convenient short cut to a result attainable in a more round-about way. We see no valid reason why, in the discretion of the district court, this short cut should not be taken. See the note appearing in 51 Harv.Law. Rev. 927.

■ The fact that in all probability the plaintiff in the case at bar could not bring a separate action under the anti-trust laws against the defendant in the district court sitting in Massachusetts because the defendant could avoid the service of proc-

ess upon him by remaining outside of the district cannot effect the jurisdiction of the court to allow the amendment. This is only a fact to be considered by the district court in exercising its discretionary power to allow or disallow the amendment. Since the court below did not exercise its discretionary power but ruled that it lacked jurisdiction to allow the amendment we must remand to that court for further proceedings.

The judgment of the District Court is vacated and the case is remanded to that court for further proceedings not inconsistent with this opinion. Neither party recovers costs in this court.