## BEE MACH. CO., Inc., v. FREEMAN.

### Civ. No. 1224.

District Court, D. Massachusetts.

Nov. 5, 1943.

See also 41 F.Supp. 461.

Cedric W. Porter (of Dike, Calver & Porter), of Boston, Mass., for plaintiff.

Nathan Heard, of Boston, Mass., and Marston Allen, of Cincinnati, Ohio, for defendant.

FORD, District Judge.

The plaintiff has renewed its motion, originally filed July 9, 1941, to amend its complaint by adding a claim for treble damages under the anti-trust laws of the United States. The motion was originally denied by this court for lack of jurisdiction, D.C., 42 F.Supp. 938. Cf. 15 U.S.C.A. § 15. On November 6, 1942, the United States Circuit Court of Appeals, 131 F.2d 190, for this circuit vacated the judgment of the district court (affirmed United States Supreme Court June 1, 1943, 319 U.S. 448, 63 S.Ct. 1146, 87 L.Ed. 1509) and remanded the case for further proceedings not inconsistent with its opinion.

This court, under Rules 15, Amended and Supplemental Pleadings, and 18, Joinder of Claims and Remedies, Rules of Civil Procedure 28 U.S.C.A. following section 723c, may, in the exercise of its discretion, allow the amendment proposed.

Rule 18(a) authorizes the joinder of claims and counterclaims with a view of disposing of all claims existing between the parties in a single action, consistent with the requirements of jurisdiction and venue.

Leave to allow amendments under Rule 15 (a) is "freely given when justice so requires". The defendant contends the litigation in the Massachusetts courts involves injustice and that all the matters in controversy between the parties "are properly located in Ohio" where litigation is pending between the parties involving certain counterclaims of the defendant in an action originally brought

there by the plaintiff against the defendant. This court cannot agree with this contention. There is no injustice involved. The present suit in the Massachusetts courts is properly here. This court has jurisdiction of the parties and the subject matter. The venue provision of Section 4 of the Clayton Act, for the purpose of this amendment, is satisfied. (Supreme Court opinion of June 1, 1943). The plaintiff is a Massachusetts corporation and it assures the court that all its witnesses with respect to the anti-trust issue reside here. There is no adequate reason why the anti-trust suit should not be tried in Massachusetts.

The motion to amend is allowed.